John J. Walsh, J.
On May 10, 1960, two detectives of the Utica Police Department induced a young man, 16 years of age, to make an attempt to purchase two quarts of beer at Mishlanie’s Food Market, 801 Sunset Avenue, Utica, New York. For this purpose, the police officers supplied the young man with a one-dollar bill.
Leonard Slawson, the young man in question, testified that he went into the store and asked the defendant, the son of the owner who was on duty, for two quarts of beer; that he paid 70 cents for the beer and received 30 cents in change; that the defendant put the beer in a bag and Slawson took the beer to the officers who were waiting outside the store.
*278 On this appeal, defendant-appeEant raises two questions: (a) that the age of Slawson was not established except by-hearsay evidence and (b) the alcoholic content of the “beer” allegedly purchased was not established.
(a) On the question of age, Slawson testified without objection that he was 16 years of age and was bom on September 15, 1943. The Trial Judge at the conclusion of the trial made the foHowing finding of fact: “ sitting as Court and Jury, my observation of witness, who testified he made this purchase, would indicate to my mind he would be under age if he came in to buy any beer in my store, assuming I was clerk or owner thereof.”
Defendant contends that the People failed to prove that Slawson was under 18 years of age and that the mere statement by Slawson as to his age was insufficient particularly since a birth certificate was readEy available because Slawson testified that he was born in Utica.
Although the Penal Law (§ 817) provides that certain records shaE “ be competent evidence upon the question of age ”, the fact that the People failed to introduce such evidence upon the trial is not fatal to the judgment.
Being unable to comprehend or remember the date of his birth untE some time after he is bom, a person knows his age only from hearsay.
A witness may, however, testify to his own age even though based essentially on hearsay evidence, upon the theory that it is common knowledge in the family. (Matter of McGerry, 75 Misc. 98 [1911]; Koester v. Rochester Candy Works, 194 N. Y. 92 [1909], revg. 122 App. Div. 894 [1907].)
The case of Matter of 36 West Main v. New York State Liq. Auth. (285 App. Div. 756) is not authority to the contrary because in that ease the court held that the testimony of an illegitimate child who never lived with his natural parents as to age was insufficient to support a determination of the State Liquor Authority.
(b) The defendant-appeEant seriously contends that the People failed to prove the aleohoEc content of the bottles sold to the witness. The record is devoid of any testimony on this fact whatever. One of the bottles was introduced as an exhibit and there was testimony that the other bottle was sent away for analysis but no testimony was given as to the findings contained in the report of the analysis, if any, nor did anyone testify that he tasted the contents.
Detective Grossin testified that he told Slawson to buy two quarts of Ox-Cart beer. Slawson testified that “ I asked for two *279 quarts of beer. X gave Mm [defendant] a dollar bill, and he gave me tMrty cents change.”
The defendant testified that wMle he was waiting on a customer, Slawson came into the store, walked over to the beer cooler and took two bottles of “ beer ” out of the cooler, placed them on the end of the counter. He further testified that he rang his money up, gave him Ms change and Slawson left the store.
The leading recent case upon this question is People v. Leonard (8 N Y 2d 60, 61-62) which holds that proof of alcoholic content of a beverage may be established by circumstantial as well as direct proof.
The Court of Appeals held: 11 The evidence that a beverage referred to as rye and ginger ale was ordered, served and paid for was sufficient at least to present a jury question as to whether an alcoholic beverage was served (People v. Marx, 128 App. Div. 828). The courts have noted as a matter of common knowledge that drinks of certain names and descriptions are alcoholic beverages -within the meaning of regulatory statutes (McDonnell v. United States, 19 F. 2d 801, 804, cert, denied 275 U. S. 551; People ex rel. Lanci v. O’Reilly, 129 App. Div. 522, 524, affd. 194 N. Y. 592; People v. Cashdollar, 188 App. Div. 9, 10).”
Although the evidence in this case was completely circumstantial in character, it is apparently sufficient under the authority of People v. Leonard (supra). Judgment affirmed.