James J. Coxroy, J.
Application for an order in the nature of prohibition restraining the County Court of Queens County from trying the petitioner for the crime of murder in the second degree. Cross motion by respondent to dismiss the petition for legal insufficiency.
The May 1961 Grand Jury for the County of Queens indicted the petitioner for murder in the second degree for the killing of John Pánico on May 9, 1961. Petitioner was born on June 7, 1945, and on the date of the alleged homicide was over 15 but not yet 16 years of age.
Petitioner contends that the County Court does not have jurisdiction to try a child under 16 years of age for murder in the second degree because the maximum penalty for said crime is life imprisonment and, therefore, it is not a crime punishable by “ death or life imprisonment.” Petitioner argues that he can be tried in the County Court only for such crimes as are punishable by death with life imprisonment as an alternative and not for those for which life imprisonment alone is the penalty.
Petitioner’s contention is not supported either by the text of the statute or by the authorities. Section 2186 of the Penal Law clearly indicates that a 15-year-old child may be tried for a crime punishable solely by life imprisonment since it specifically excepts crimes punishable by imprisonment for an indeterminate term having a minimum of one day and a maximum of life.
Moreover, the Court of Appeals has heretofore held that the words “ death or life imprisonment” were used by the Legislature in the disjunctive (People v. Murch, 263 N. Y. 285, 290). In that case, at page 290, the court said: “ The result is that the only crimes which a child under sixteen years of age is capable of committing are treason, murder in the first degree and murder in the second degree; and that as to those crimes alone, in the case of such a child, have the criminal courts jurisdiction. ’ ’
The application is denied. The cross motion to dismiss the petition is granted.