No. 24979.

DANIEL L. JARAMILLO v. THE DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF DENVER, STATE OF COLORADO, AND THE HONORABLE HENRY E. SANTO, ONE OF THE JUDGES THEREOF.

(480 P.2d 841)

Decided February 1, 1971.

ROLLIE R. ROGERS, State Public Defender, BRYAN MORGAN, Deputy, for petitioner.

JAMES D. MCKEVITT, District Attorney, GREGORY A. MUELLER, Assistant, JARVIS W. SECCOMBE, Chief Deputy, THOMAS P. CASEY, Deputy, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THE petitioner was charged with aggravated robbery and conspiracy to commit robbery with a dangerous weapon in the respondent court. His petition to dismiss the charges was denied. We issued a rule to show cause why the court had jurisdiction. We agree with the position of the petitioner that the respondent district court lacked jurisdiction.

The robbery took place on April 2, 1970, at which time the petitioner was 17 years of age. On May 11th, a petition was filed in the Denver juvenile court under the Colorado Children's Code (hereinafter referred to as the Code) alleging that the petitioner was a delinquent child, and based upon his alleged participation in the aforementioned robbery. The petitioner became 18 on May 13, 1970. Thereafter, the information was filed in

the district court charging the petitioner with the same aggravated robbery and with conspiracy to commit the robbery. Upon motion of the district attorney, the juvenile court dismissed the proceedings. In its order of dismissal the juvenile court found that it lacked jurisdiction.

It is the petitioner's position that the juvenile court had exclusive, original jurisdiction under the Code; that such exclusive jurisdiction continued past the 18th birthday, and that the district court, therefore, lacked jurisdiction. The district attorney, appearing for the respondents, submits that at *all* times the district court had exclusive jurisdiction.

This matter involves an interpretation of certain provisions in the Code and, in turn, this interpretation must rest upon our determination of the General Assembly's intent. The Code defines a child as "a person under eighteen years of age" and continues as follows: " 'Adult' means a person eighteen years of age or over, except that any minor eighteen years of age or over under the continuing jurisdiction of the court, or who is before the court for an alleged delinquent act committed prior to his eighteenth birthday ... shall be referred to as a child." 1967 Perm. Supp., C.R.S. 1963, 22-1-3(3) and (4). This statute in its definition of "delinquent child" states that the definition "shall not apply to crimes of violence punishable by death or life imprisonment where the accused is fourteen years of age or older." 1969 Perm. Supp., C.R.S. 1963, 22-1-3(17)(b). The Code further provides as follows: "A child shall be charged with the commission of a felony only as provided in subsection (4) (a) of this section, except for crimes of violence punishable by death or life imprisonment where the accused is fourteen years of age or older." 1969 Perm. Supp., C.R.S. 1963, 22-1-4(4)(b). The Code also contains a provision that when the juvenile court finds that it would be contrary to the best interests of the child or the public to retain jurisdiction it may enter an order waiving jurisdiction, whereupon

a criminal information may be filed in the district court. 1969 Perm. Supp., C.R.S. 1963, 22-1-4(4)(a) and 22-3-8(1) and (4).

The penalty for aggravated robbery (in the case of a person who is more than 18 years of age at the time of sentencing) is "not less than four years, or for life." 1967 Perm. Supp., C.R.S. 1963, 40-5-1(2)(a). Thus, the question is whether a term of not less than four years, or for life, is embraced within punishment by "death or life imprisonment." If so, then the juvenile court did not have jurisdiction and the district court possessed it. If not, jurisdiction is in the juvenile court and the district court is without jurisdiction.

We have studied and puzzled over the following authorities: *People v. District Court,* 164 Colo. 437, 435 P.2d 763 (1967); *Garcia v. District Court,* 157 Colo. 432, 403 P.2d 215 (1965); *O'Day v. People,* 114 Colo. 373, 166 P.2d 789 (1946); *Croswell v. People,* 74 Colo. 547, 223 P. 51 (1924); *Cummings v. State,* 252 Ind. 701, 251 N.E.2d 663 (1969); *People v. Murch,* 263 N.Y. 285, 189 N.E. 220 (1934); *Lubchuk v. County Court,* 222 N.Y.S.2d 28 (1961); and *State v. Wood,* 151 W. Va. 807, 155 S.E.2d 893 (1967). Upon completion of the study of these and other authorities cited by the parties, we have found ourselves as much in the dark as to the legislative intent as when we commenced.

We mention, parenthetically, that 1967 Perm. Supp., C.R.S. 1963, 22-3-19 provides that, when the juvenile court has adjudicated a child as neglected or dependent, in need of supervision, or delinquent, the court's jurisdiction continues until the person becomes 21 years of age or the matter is terminated by court order. This portion of the statute is inapplicable here as there had been no adjudication concerning the petitioner in the juvenile court.

There are three possible interpretations of "punishable by death or life imprisonment." (1) It may mean only those offenses having as alternative punishments

life imprisonment or death, which in this state, so far as comes to mind, would embrace only first degree murder and kidnapping in which injuries result. C.R.S. 1963, 40-2-3(1); C.R.S. 1963, 40-2-45(2). (2) Those crimes which are punishable only by life imprisonment and those offenses punishable only by death, an example of which is the Habitual Criminal Act. (C.R.S. 1963, 39-13-1). (3) Those crimes which have a minimum sentence of less than life imprisonment and a maximum of either life imprisonment or death. In Colorado this latter category would embrace aggravated robbery, first degree rape, second degree murder, kidnapping and all crimes embraced within the Sex Offenders Act. 1967 Perm. Supp., C.R.S. 1963, 40-5-1(2); C.R.S. 1963, 40-2-28 (1); 1965 Perm. Supp., C.R.S. 1963, 40-2-3(3); C.R.S. 1963, 40-2-45; 1969 Perm. Supp., C.R.S. 1963, 39-19-3.

█ As we study the Code we sense an intent to grant broad jurisdiction to the juvenile court and, therefore, we conclude that the General Assembly in adopting the Code did not intend to exclude from the juvenile court's jurisdiction delinquent cases involving the crimes just mentioned. Also it seems to us that one must insert too much additional language to come to the conclusion that the legislature intended the third category. The plain English of the matter is either category one or category two. Therefore, we hold that the meaning of "punishable by death or life imprisonment" involves either category (1) or (2) mentioned above, and it is not necessary for us to determine which. In other words "punishable by death or life imprisonment" does not embrace offenses which have a sentence of less than life imprisonment as a minimum and a maximum of either life imprisonment or death.

In the event we have misinterpreted legislative intent, the General Assembly can express itself with more specificity.

The rule is made absolute and the district court directed to sustain the motion to dismiss.