No. 23943.

RICHARD ANTHONY VIGIL v. THE PEOPLE OF THE
STATE OF COLORADO.
(484 P.2d 105)

Decided May 3, 1971.

TRUMAN E. COLES, Public Defender in and for the
City and County of Denver, EARL S. WYLDER, Assistant,
for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,
Deputy, AUREL M. KELLY, Special Assistant, for defendant
in error.

*In Department.*

Opinion by LAWRENCE THULEMEYER, District Judge.*

*District Judge sitting under assignment by the Chief Justice under
provisions of article VI, section 5(3) of the constitution of Colorado.

VIGIL, hereinafter referred to as defendant, filed his motion in the trial court under Rule 35 (b) of the Colorado Rules of Criminal Procedure, seeking an order vacating judgment and sentence and discharging the defendant from illegal incarceration. As grounds for the motion, he alleged that he was sixteen years of age at the time of arraignment, was not represented by counsel, and entered a guilty plea to the charge of robbery without the advice of counsel and in complete ignorance of his rights and the consequences of such a plea.

The trial court conducted an evidentiary hearing and received evidence as to the age of defendant. It found that defendant was either sixteen or seventeen years of age at the time the matters in question happened and denied the motion to vacate judgment and sentence. It ruled that the defendant failed to establish that he didn't know what he was doing or that he didn't intelligently waive his rights.

In view of this court's recent decision in *Jaramillo v. District Court,* 173 Colo. 459, 480 P.2d 841, decided after the briefs were filed in the instant case, we notice a jurisdictional defect in the proceedings below.

The information in the court below charged that on February 12, 1965, defendant committed aggravated robbery (C.R.S. 1963, 40-5-1).

On February 12, 1965, aggravated robbery was punishable by imprisonment in the penitentiary for a term of not less than two years, or for life (C.R.S. 1963, 40-5-1(2)). It was further provided that a person under the age of twenty-one years may be sentenced to the state reformatory or to the state penitentiary, in the discretion of the court; and, if sentenced to the state penitentiary, the duration of the sentence to be imposed shall be in the discretion of the court, for a term of not less than one nor more than ten years. (*Id.* §40-5-1(3)).

At the time charges were filed against defendant, C.R.S. 1963, 22-8-1(2) provided in part as follows: "A 'delinquent child' is defined as any child under eighteen

years of age * * *" and in sub-paragraph 3(a), "this article shall not apply to crimes of violence punishable by death or imprisonment for life, where the accused is over sixteen years of age."

■ In the court below, defendant was proceeded against as an adult on the theory that the crime he was alleged to have committed was punishable by imprisonment for life, and that defendant was over sixteen years of age.

This court held in *Jaramillo v. District Court, supra,* that the meaning of " 'punishable by death or life imprisonment' does not embrace offenses which have a sentence of less than life imprisonment as a minimum, and a maximum of either life imprisonment or death." *Id.*

In view of this ruling, the court below was without jurisdiction to proceed against defendant as an adult.

Accordingly, this matter is reversed and remanded to the trial court for the entry of an order vacating and setting aside the judgment and sentence.

MR. JUSTICE DAY, MR. JUSTICE ERICKSON and DEAN C. MABRY, District Judge* concur.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.