## No. 24044

**John Albert Maddox and Joseph William Wilkes v. The People of the State of Colorado**

(497 P.2d 1263)

Decided June 5, 1972.

Mellman, Mellman and Thorn, Isaac Mellman, for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

John Albert Maddox was charged by information with forcible rape, conspiracy to commit rape, assault to commit rape, kidnapping, conspiracy to commit kidnapping, and accessory during the fact to rape, C.R.S. 1963, 40-2-25, 40-7-35, 40-2-34, 40-2-44, 40-7-35, and 40-1-12, respectively. By separate information, Joseph William Wilkes was charged with identical crimes, excepting only C.R.S. 1963, 40-1-12,

accessory during the fact. The charges were consolidated and the defendants were tried jointly.

The People's evidence showed that Maddox and Wilkes took the complaining witness to a deserted spot where defendant Wilkes raped her with Maddox' active aid. The jury found Wilkes guilty of rape and of assault with intent to commit rape and Maddox guilty of accessory during the fact.

█▌ Defendants seek reversal on several grounds, only one of which we need to consider. They contend that the district court was without jurisdiction to try these defendants. The basis for defendants' motions to dismiss is 1967 Perm. Supp., C.R.S. 1963, 22-1-4, which provides:

"(1)(a) Except as otherwise provided by law, the juvenile court shall have exclusive original jurisdiction in proceedings: "(b)(i) concerning any delinquent child."

. . . .

"(4)(a) When a petition filed in juvenile court alleges that a child sixteen years of age or older committed an act which would constitute a felony if committed by an adult, if, after investigation and a hearing, the juvenile court finds it would be contrary to the best interests of the child or of the public to retain jurisdiction, it may enter an order certifying the child to be held for criminal proceedings in the district court. The hearing required in this subsection shall be held pursuant to the provisions of sections 22-1-7 and 22-3-8.

"(b) *A child shall be charged with the commission of a felony only as provided in subsection (4)(a) of this section, except · for crimes of violence punishable by death or life imprisonment* where the accused is sixteen years of age or older." (Emphasis added.)

This court has construed the language as it appears in 22-1-4(4)(b) above to mean that only first degree murder and kidnapping with ensuing bodily harm can be excepted from the procedures in 22-1-4(4)(a).

" '[P]unishable by death or life imprisonment' does not embrace offenses which have a sentence of less than life imprisonment as a minimum and a maximum of either life

imprisonment or death."
*Jaramillo v. District Court,* 173 Colo. 459, 480 P.2d 841; *Vigil v. People,* 174 Colo. 394, 484 P.2d 105.

In the instant case, on the basis of defendants' testimony as to age, none of the crimes charged permitted initial prosecution in the district court in the absence of a prior determination by the juvenile court in accord with 22-3-8.

▪ At the hearing provided for in 22-1-4(4)(a) the juvenile court may consider only whether it would be contrary to the best interests of the child or of the public to retain jurisdiction over the child. If the court finds that a child should be held for criminal proceedings in the district court, it shall enter an order certifying that fact and transfer the case to the district court. 22-3-8.

The defendants moved for dismissal prior to trial on grounds that each defendant was only 17 years of age on the date of the alleged offenses. The record does not show whether or not defendants offered evidence of age at this time, nor does the record show why this motion was denied. The record does show that the basis for the motion was the ages of the defendants. The motion was renewed during trial and the following dialogue occurred.

"MR. FRICKEY: At this point, Your Honor, we have another motion.

"THE COURT: All right.

"MR. FRICKEY: If it please the Court, this would be a motion to dismiss one, two, four, five and six counts of the Information as against Maddox for the reason that there is evidence before this Court by way of previous hearing and perhaps in the record to date that at the time of the alleged commission of the offenses Maddox was then and there 17 years of age, making him subject to — making jurisdiction subject under the Children's Code in all offenses not punishable by death. That is jurisdictional.

"THE COURT: It's too late to bring that up at this time after the trial is started. That motion will be denied. Any other motions?

"MR. FRICKEY: I believe the Court, to refresh your

recollection, Your Honor, when this was argued previously, the Court at that time in denying it said that it either could or should be raised at the trial of the case.

"THE COURT: Well, there is no evidence of it now, so let's go ahead with the case. Are you ready to proceed with your witnesses or do you have other motions?

"MR. FRICKEY: Are you speaking of the man's age?

"THE COURT: I am speaking, do you have any other motions, or are you ready to proceed? That motion is denied."

Following this exchange, each defendant took the stand and testified that on February 4, 1968, the night of the crime, he was seventeen years old. At the close of the evidence, the defense again moved to dismiss for lack of jurisdiction. The court again denied.

"THE COURT: The defendant's motion for acquittal as to Maddox will be denied. As to Wilkes will be denied.

"The motion to dismiss these under 4-A [sic] of the Children's Code will be denied for lack of evidence. It hasn't been shown by birth certificate or by statement of a parent the age. It's a self serving statement which I don't think anybody can prove his own age by his own statement."

 Thus, the trial judge was doubly in error. First, regarding the timeliness of the motion, even had the defense failed to raise defendants' nonage prior to trial, the trial court should have entertained the motion at whatever stage of the proceedings the question was raised. Crim. P. 12(b)(2) provides in part:

"Defenses and objections. . . *other than [lack of] jurisdiction.* . . may be raised only by motion. . . . *Lack of jurisdiction* or the failure of the indictment or information to charge an offense *shall be noticed by the court at any time during the proceeding.*" (Emphasis added.)

 Though it appears that the defendants properly raised and preserved their motion prior to trial and that the court ultimately recognized this, we deem the trial court's first misstatement of such importance that we note it here. This court has held a child under the age of eighteen can only be

proceeded against in the district court, as set forth in the Children's Code. *People ex rel. Rodello v. District Court,* 164 Colo. 530, 436 P.2d 672; *People ex rel. Terrell v. District Court,* 164 Colo. 437, 435 P.2d 763; *People ex rel. Marks v. District Court,* 161 Colo. 14, 420 P.2d 236.

If the defendants were *juveniles* at the time of the commission of the alleged delinquent act, they could only be proceeded against pursuant to 22-1-4(4)(b). Further, it is clear that the juvenile court's exclusive original jurisdiction continued regardless of the fact that at least one defendant reached his eighteenth birthday before trial. 1967 Perm. Supp., C.R.S. 1963, 22-1-3(4). *See also Jaramillo v. District Court,* 173 Colo. 459, 480 P.2d 841.

As noted, the trial court ruled, as a matter of law, that the juveniles could not prove their respective ages by their own testimony. This ruling does not seem to find support in any of the authorities which have come to our attention. A defendant in any litigation has a right to testify in his own behalf. Where age is an issue, a party or witness may testify as to his age and such testimony is competent evidence. It is a generally recognized exception to the hearsay rule. *Anderson v. State,* Alas., 384 P.2d 669; *State v. Phillips,* 22 Conn. Supp. 353, 172 A.2d 923; *State v. Olson,* 260 Ia. 311, 149 N.W.2d 132; *People ex rel. Gossin v. Mishlanie,* 24 Misc.2d 277, 204 N.Y.S.2d 450. *See Annotation, 39* A.L.R. 376; C.R.S. 1963, 154-1-1.

The defendants, by their own testimony, made a prima facie case as to their juvenility. At this point it became incumbent upon the prosecutor to either prove that the defendants were eighteen or older or to ask that the case be remanded to the juvenile court for transfer proceedings under the statute. The court, in permitting the matter to proceed to trial, erred.

The cause is reversed and remanded to the district court for further proceedings not inconsistent with this opinion.

MR. JUSTICE GROVES not participating.