352 So.2d 88 (1977)
Donald Lee RINGEL, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2334.
District Court of Appeal of Florida, Fourth District.
July 1, 1977.
Rehearing Denied August 16, 1977.
Richard E. Mandell, and Michael Sigman, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Basil S. Diamond and Anthony J. Golden, Asst. Attys. Gen., West Palm Beach, for appellee.
*89 ANSTEAD, Judge.
This is an appeal from an order denying a motion to dismiss an indictment against the appellant, Donald Lee Ringel. The basic issue on appeal is whether the trial court was correct in finding that the indictment against Ringel alleged a violation of law punishable by death or life imprisonment as provided in Section 39.02(5)(c), Florida Statutes (1975). In a case of first impression, we affirm.
Section 39.02(5)(c) makes provision for when a juvenile may be prosecuted as an adult:
A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set out in § 39.06(7) unless and until an indictment on such charge is returned by the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult....
The indictment against Ringel alleged that he committed an armed robbery in violation of Section 812.13(2)(a), Florida Statutes (1975). In that section, armed robbery is declared to be a felony in the first degree, punishable by "imprisonment for a term of years not exceeding life imprisonment." Ringel claims he could not be indicted as an adult because Section 812.13(2)(a) does not provide for punishment "by death or by life imprisonment" as required in Section 39.02(5)(c). He claims that "a term of years not exceeding life imprisonment" does not include "life imprisonment." Two reasons for this view are advanced: first, that a sentence under 812.13(2)(a) must be limited to a term of years, i.e., 20, 30, 40, 50, etc. and could not be for life imprisonment; and second, the legislature intended to limit the application of 39.02(5)(c) to offenses where the only two punishments that could be imposed are death and life imprisonment.
The constitutionality of Section 39.02(5)(c) has been upheld by the Florida Supreme Court in an opinion which assumed that 39.02(5)(c) applied to the same offense involved herein.[1] As a predicate to consideration of the constitutional issue it was there pointed out:
The first two counts of the indictment each carried a potential maximum sentence of life imprisonment.
Judge Owen of this court,[2] in a discussion of the same armed robbery statutes, noted that the legislature, in providing a sentence of a term of years not exceeding life imprisonment, intended "that life imprisonment be the upper limit of the punishment imposed." Likewise, it is our opinion that the maximum penalty provided under Section 812.13(2)(a) is life imprisonment, not a term of years.
As to the intent of the legislature in enacting Section 39.02(5)(c) and its subsequent amendments Ringel cites several decisions from other states. However, these cases present no strong arguments either way and concede that legislative intent is not easily discernible:
Upon completion of the study of these and other authorities cited by the parties, we have found ourselves as much in the dark as to the legislative intent as when we commenced.[3]
We couldn't have said it better.
Section 39.05(5)(c)[4] was amended in 1969 to add the words "or punishable by life imprisonment" after the existing words "punishable by death." So, prior to 1969 jurisdiction was changed in cases "punishable by death." Since Florida did not then and does not now provide a mandatory *90 death sentence for any crimes, that section clearly meant cases where the maximum punishment was death. We believe that was the legislative intent prior to the amendment in 1969, and we feel that the phrase "punishable by life imprisonment" should also be construed to mean cases where life imprisonment is the maximum punishment provided. Since life imprisonment is the maximum penalty provided in Section 812.13(2)(a) we find the motion to dismiss should have been denied.
The second point raised by Ringel challenges the applicability of the minimum sentencing provisions of Section 775.087, Florida Statutes (1975) to a juvenile. Section 39.02(5)(c) provides that a juvenile indicted thereunder "shall be handled in every respect as if he were an adult." The trial court was correct in applying Section 775.087.
For the reasons set out above the judgment and sentence of the trial court are affirmed.
ALDERMAN and DAUKSCH, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
By petition for rehearing the appellant, Donald Lee Ringel, seeks to have this court certify the main issue on appeal as a question of great public interest. As we have previously noted, the issue is one of first impression and we also agree with Ringel that it is of great public interest. Accordingly, this court hereby certifies that the decision rendered herein passes upon the following question of great public interest:
Do the provisions of Section 39.02(5)(c) of the Florida Statutes relating to the treatment of juvenile offenders as adults apply to violations of the law the penalty for which includes but may also be less than life imprisonment?
In all other respects the petition for rehearing is denied.
ALDERMAN, C.J., and ANSTEAD and DAUKSCH, JJ., concur.
NOTES
[1] Johnson v. State, 314 So.2d 573 (Fla. 1975). The case involved a violation of Section 813.011, the predecessor of Section 812.13, and other offenses.
[2] Harper v. State, 306 So.2d 141 (Fla. 4th DCA 1975).
[3] Jaramillo v. District Court, 173 Colo. 459, 480 P.2d 841 (1971); also see Maddox v. People, 178 Colo. 366, 497 P.2d 1263 (1972) and Garrett v. State, 481 S.W.2d 225 (Mo. 1972).
[4] Then Section 39.02(6)(c).