**UNITED STATES, Appellee,**

v.

**Gregorio NIEVES–RIVERA, Defendant, Appellant.**

**No. 91–1846.**

United States Court of Appeals, First Circuit.

Argued March 5, 1992.

Decided April 2, 1992.

Antonio Bauza Torres, Guaynabo, P.R., for appellant.

Rebecca K. Troth, Atty., Dept. of Justice, with whom John R. Dunne, Asst. Atty. Gen., and Jessica Dunsay Silver, Atty., Dept. of Justice, Washington, D.C., were on brief for appellee.

Before BREYER, Chief Judge, FEINBERG,* Senior Circuit Judge, and SELYA, Circuit Judge.

* Of the Second Circuit, sitting by designation.

BREYER, Chief Judge.

A jury convicted the appellant, Gregorio Nieves–Rivera, a policeman, of assaulting and fatally beating a robbery suspect, thereby depriving him of his constitutionally protected "right to life." 18 U.S.C. § 242 (prohibiting the deprivation, "under color of law," of any "rights ... protected by the Constitution"). The district court suspended imposition of a prison sentence. Instead, the court sentenced Nieves–Rivera to five years of probation. 18 U.S.C. § 3651.

The Government moved to correct the sentence. It pointed out that the sentencing statute that authorizes a court to suspend a prison sentence contains an exception excluding crimes punishable by life imprisonment. 18 U.S.C. § 3651. The court agreed that, consequently, it was without power to suspend the prison sentence, and it resentenced Nieves–Rivera, ordering him to serve a year and a day in prison. Nieves–Rivera now appeals. He seeks reinstatement of the original sentence of five years of probation.

■ Nieves–Rivera first makes a procedural argument. The Government, when it asked the district court to correct the sentence of probation, cited Fed.R.Crim.P. 35(a). Until 1987, that Rule permitted a district court to "correct an illegal sentence at any time...." Congress has amended the Rule, however, so that, after 1987, it authorizes sentence corrections only when a court of appeals, after an appeal, holds that the law requires such a change. Fed.R.Crim.P. 35(a). Nieves–Rivera says that the Government, consequently, should have appealed the first sentence, and not asked the district court to correct it.

The short, conclusive answer to this argument lies in the language of the statute that amended Rule 35(a). That statute says explicitly that the new Rule 35(a) will govern offenses committed after November 1, 1987. It says that the former Rule 35(a) will continue to govern offenses committed before November 1, 1987. *See* Pub.L. 98–473, § 235, 18 U.S.C. § 3551 note (1984); Pub.L. 99–570, § 1009(b) (1986). And, Nieves–Rivera's offense took place in November 1985. Thus, the former Rule 35(a) applies.

■ Nieves–Rivera goes on to argue that the district court, and the Government, have misunderstood the "sentence suspension" statute, 18 U.S.C. § 3651. He has an uphill battle. That statute (which applies only to pre–1987 offenses) permits the district court to "suspend the imposition ... of sentence and place the defendant on probation...." But, it applies only to "a judgment of conviction of any offense *not punishable by death or life imprisonment....*" (Emphasis added). The civil rights statute that Nieves–Rivera violated says that, "if death results," the offender "shall be subject to imprisonment for any term of years *or for life*." 18 U.S.C. § 242 (emphasis added). And, it seems to us, as it has seemed to every other federal appellate court that has considered the matter, that a crime "subject to imprisonment for any term of years or for life," is a crime that is "punishable by ... life imprisonment." *See United States v. Carter,* 704 F.2d 1063, 1064 (9th Cir.1983); *United States v. Denson,* 588 F.2d 1112, 1116–17 (5th Cir.1979); *see also United States v. Dean,* 752 F.2d 535, 539 (11th Cir.1985), *cert. denied,* 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986). If so, the "sentence suspension" statute would not apply.

Nieves–Rivera argues to the contrary that "punishable ... by life imprisonment" refers to crimes that are punishable *only* by life imprisonment. He cites a Colorado Supreme Court case (followed by five other state court cases) holding that the phrase "punishable by death or life imprisonment" referred to offenses where "death or life imprisonment" was the *only* permissible punishment. *Jaramillo v. District Court of Denver,* 480 P.2d 841 (Colo.1971) (en banc); *Peterson v. State,* 586 P.2d 144 (Wyo.1978); *People v. Herrera,* 182 Colo. 302, 512 P.2d 1160 (1973); *Maddox v. People,* 178 Colo. 366, 497 P.2d 1263 (1972); *Garrett v. State,* 481 S.W.2d 225 (Mo.1972); *Vigil v. People,* 484 P.2d 105 (Colo.1971).

As the Fifth Circuit has pointed out, however, this state court holding "stands ... against the great weight of authority,

in its interpretation of the word 'punishable.'" *Denson*, 588 F.2d at 1122. The word "punishable" in ordinary English simply means "capable of being punished." *See* Webster's Third International Dictionary 1843 (3d ed.1976); *see also* Black's Law Dictionary 1110 (5th ed.1979). It makes sense to read the "sentence suspension" statute as applying only to crimes not "capable of being punished" with a life term, *i.e.*, crimes not serious enough to warrant life imprisonment. We therefore find no good reason for departing from well-established federal authority. We cannot accept Nieves–Rivera's argument.

The judgment of the district court is

*Affirmed.*