**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1180-FCTa |
| ) | |
| CHARLENE M. MILBY, ) | Bk. No.   11-14487-PC |
| ) | |
| Debtor. ) | Adv. No.   14-01132-PC |
| _____) | |
| PATRICIA A. TEMPLETON and ) | |
| G. CRESSWELL TEMPLETON, III, ) | |
| individuals on behalf of ) | |
| the Bankruptcy Estate of ) | |
| Debtor Charlene M. Milby, and ) | |
| derivatively on behalf of ) | |
| Charlene's Transportation, ) | |
| Inc., ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| JON A. MILBY; D&J TRUCKING ) | |
| CO.; SANDRA HOLDER MILBY; ) | |
| SANJON, INC.; 5TH ST CONDO, ) | |
| LLC; CHARLENE M. MILBY; ) | |
| CHARLENE'S TRANSPORTATION, ) | |
| INC., ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Argued and Submitted on January 21, 2016
at Pasadena, California

Filed – February 24, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter Carroll, Bankruptcy Judge, Presiding

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Appearances:    Daniel Joseph McCarthy argued on behalf of Appellants Patricia A. Templeton and G. Cresswell Templeton, III; Karen L. Grant argued on behalf of Appellees Jon A. Milby, D&J Trucking Company, Sandy Holder Milby, Sanjon, Inc., 5th St. Condo, LLC, Charlene M. Milby, and Charlene's Transportation, Inc.

Before: FARIS, CORBIT**, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Appellants Patricia A. Templeton and G. Cresswell Templeton, III initiated an adversary proceeding on behalf of themselves and Debtor Charlene M. Milby's bankruptcy estate to avoid fraudulent transfers. Appellees Jon A. Milby, D&J Trucking Company, Sandy Holder Milby, Sanjon, Inc., 5th St. Condo, LLC, Charlene M. Milby, and Charlene M. Milby's wholy-owned company Charlene's Transportation, Inc. ("CTI") moved for summary judgment on the ground that the claims were untimely by virtue of the two-year statute of limitations under § 546(a)(1).[1] We address the statute of limitations issue in a separate published opinion. This memorandum addresses the bankruptcy court's decision to grant summary judgment and dismiss portions of the complaint, with leave to amend, for failure to state claims upon which relief could be granted.

---

** Honorable Frederick P. Corbit, Chief United States Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

2

We hold that the bankruptcy court did not err in granting summary judgment and dismissing with leave to amend the claims based on transfers by people or entities other than the Debtor.

**FACTUAL BACKGROUND**[2]

The factual and procedural background of this case is set out in our separate published decision. We will not repeat it here.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334, 157(b)(1), and 157(b)(2)(F) and (H). We have jurisdiction under 28 U.S.C. § 158.

As a general rule, "an order dismissing a complaint with leave to amend is not a final, appealable order[.]" Indian Oasis-Baboquivari Unified Sch. Dist. No. 40 of Pima Cty., Ariz. v. Kirk, 109 F.3d 634, 636 (9th Cir. 1997). In the present case, however, the appellants gave notice that they would not be amending their complaint and obtained a final judgment of dismissal from the bankruptcy court. Accordingly, we have jurisdiction to consider this appeal.

**ISSUE**

Whether the bankruptcy court erred in granting summary judgment and dismissing with leave to amend the First, Second, and Third Claims for Relief to the extent they are based on

---

[2] The Templetons' excerpts of record are incomplete and make reference to certain documents on the bankruptcy court's docket without including the actual document. We have exercised our discretion to review the bankruptcy court's docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

3

transfers by people and entities other than the Debtor (as alleged in paragraphs 31 through 35 of the complaint) for failing to state a claim upon which relief may be granted.

**STANDARDS OF REVIEW**

We review de novo the bankruptcy court's decision to grant or deny summary judgment. Boyajian v. New Falls Corp. (In re Boyajian), 564 F.3d 1088, 1090 (9th Cir. 2009).

Similarly, a bankruptcy court's decision to dismiss a complaint for failure to state a claim is a question of law that we review de novo. AlohaCare v. Haw. Dep't of Human Servs., 572 F.3d 740, 744 n.2 (9th Cir. 2009); Stoll v. Quintanar (In re Stoll), 252 B.R. 492, 495 (9th Cir. BAP 2000).

We review for abuse of discretion the denial of a motion for reconsideration. See N. Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir. 1992). Under an abuse of discretion standard, a reviewing court cannot reverse unless it has "a definite and firm conviction that the [court below] committed a clear error of judgment" in the conclusion it reached upon a weighing of the relevant factors. Marchand v. Mercy Med. Ctr., 22 F.3d 933, 936 (9th Cir. 1994).

**DISCUSSION**

**A. The court did not err in granting summary judgment on and dismissing the First, Second, and Third Claims for Relief to the extent they are based on transfers by non-Debtor parties.**

The Templetons assert that the bankruptcy court erred by dismissing without prejudice the First, Second, and Third Claims for Relief to the extent they are based on paragraphs 31 through 35 of the complaint. We find no reversible error.

4

The Templetons first argue that the bankruptcy court should not have granted summary judgment on this issue because the motions for summary judgment were strictly based on the statute of limitations. This argument misses three points.

First, a court always has discretion to raise issues sua sponte, provided that the court gives the parties an adequate opportunity to address those issues. See Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (a court may dismiss claims sua sponte under Civil Rule 12(b)(6), but "must give notice of its sua sponte intention to dismiss and provide the plaintiff with an opportunity to at least submit a written memorandum in opposition to such motion." (internal citations and quotation marks omitted)); see also Young v. Hawaii, 911 F. Supp. 2d 972, 995 (D. Haw. 2012) ("a court may properly dismiss an action sua sponte, without giving a plaintiff notice of its intention to dismiss and an opportunity to respond if a plaintiff 'cannot possibly win relief'" (citing Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987))). In this case, the court saw evident flaws in the complaint and decided to deal with those flaws promptly. The bankruptcy court gave the parties ample opportunities to respond at the hearing on the motion and in a motion for reconsideration. We cannot say that the bankruptcy court erred when it decided to "cut to the chase."

Second, the bankruptcy court did not act entirely without prompting. The Templetons first raised this issue (albeit tangentially) in their opposition to the motions for summary

5

judgment. The Templetons cannot complain that the court decided an issue that they raised.

Third, the court addressed the issue because, in order to decide whether the claims were timely under the limitations period of § 546(a)(1)(A) (the primary argument of the Appellees' motion), it had to decide what claims are subject to that statute. The Templetons' first two claims involve alleged fraudulent transfers under § 544(b) and California Civil Code §§ 3439.04(a)(1), 3439.04(a)(2) and 3439.05. Section 544(b) provides that "the trustee may avoid any **transfer of an interest of the debtor in property** . . . that is voidable under applicable law by a creditor holding an unsecured claim . . . ." § 544(b) (emphasis added). The court stated that § 544(b) means that "a trustee may avoid transfers or obligations that could have been avoided by an unsecured creditor under applicable non-bankruptcy law had the bankruptcy case not been filed, provided such a creditor actually exists."

The bankruptcy court pointed out that the transfers alleged in paragraphs 31 through 35 of the complaint were transfers from bank accounts in the name of the non-Debtor defendants. The bankruptcy court ruled that those transfers "are not subject to avoidance under § 544(b) as fraudulent, either actually or constructively, pursuant to CUFTA [California Uniform Fraudulent Transfers Act] as a matter of law because they do not involve a 'transfer of an interest of the debtor in property' by the terms of the complaint."

The Templetons basically agreed that some of their claims were not viable under § 544(b). Rather, they argued that the

6

complaint adequately stated avoidance claims because it cited CUFTA, included shareholder derivative claims on behalf of CTI, and alleged that CTI was an alter ego of the Debtor. In essence, the bankruptcy court determined that the Templetons "[could not] possibly win relief" under those theories, but did not exclude the possibility that they could state such claims in an amended complaint.

We agree with the bankruptcy court. CUFTA does not help the Templetons, because it only permits a creditor of a debtor to attack a transfer of an interest of the debtor in property, see Cal. Civ. Code § 3439.04 ("A transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor made the transfer or incurred the obligation" in particular ways.), and the complaint does not allege that the Templetons or the bankruptcy estate of the Debtor are creditors of CTI or the other non-Debtor transferors. For a similar reason, the shareholder derivative claims are unavailing. Derivative status allows a shareholder to assert claims belonging to a corporation, such as CTI. See Quinn v. Anvil Corp., 620 F.3d 1005, 1012 (9th Cir. 2010) ("A derivative action is an extraordinary process where courts permit 'a shareholder to step into the corporation's shoes and to seek in its right the restitution he could not demand in his own.'" (quoting Lewis v. Chiles, 719 F.2d 1044, 1047 (9th Cir. 1983))). But only a creditor of a debtor/transferor can seek avoidance of the debtor's fraudulent transfers. CTI could not avoid any fraudulent transfers that CTI itself made, and therefore a shareholder asserting derivative claims on behalf of CTI can not avoid such transfers either. The alter ego claims

7

might provide support, but the bankruptcy court did not err in deciding that those claims were not adequately alleged.

Therefore, we hold that the court did not err in granting summary judgment and dismissing with leave to amend the non-Debtor transfer claims (based on paragraphs 31 through 35).

**B.   The Panel will not consider the Templetons' standing to bring a derivative claim on behalf of CTI for the first time on appeal.**

Appellees argue that the complaint did not provide them with adequate notice that it included a corporate shareholder derivative claim.  They argue that the Templetons lack standing to bring a derivative suit on behalf of CTI.  As such, they state that the Panel "should find that neither Templetons' stipulation with [the Trustee] nor the order entering it conveyed jurisdiction or standing where none existed under applicable law."

We decline to consider this issue on appeal, as it was not properly raised before the bankruptcy court in the first instance.  As a general rule, "federal appellate courts will not consider issues not properly raised in the trial courts. **An issue only is 'properly raised' if it is raised sufficiently to permit the trial court to rule upon it.**" Ezra v. Seror (In re Ezra), 537 B.R. 924, 932 (9th Cir. BAP 2015) (internal citations omitted) (emphasis added).

Here, the bankruptcy court noted that Appellees' argument was beyond the scope of the motion for summary judgment and "not before the court today."  It stated that the issue "may very well be raised in another motion with – with notice and an opportunity to respond[,]" but the court declined to consider Appellees'

8

argument.

There are no circumstances that would cause us to exercise our discretion to consider this issue for the first time on appeal. See In re Ezra, 537 B.R. at 932-33. As such, we do not consider whether the Templetons had standing to bring claims on behalf of CTI.

**C.    The Templetons did not need to amend their complaint before filing an appeal**.

Appellees argue that the Templetons lack standing to appeal the bankruptcy court's ruling as to the transfers alleged in paragraphs 31 through 35, because they elected not to amend the complaint. Appellees urge the Panel to hold that the Templetons waived their right to appeal when they declined to amend.

The Ninth Circuit has made clear that the operative question is not whether the plaintiff has chosen to amend the complaint, but whether the lower court has issued a final judgment. In WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997), the court considered whether it had standing to hear an appeal from an appellant who had been granted leave to amend, but instead filed an appeal without first amending the complaint. The court concluded that it did not, noting the rule that, "**[u]nless a plaintiff files in writing a notice of intent not to file an amended complaint**, such dismissal order is not an appealable final decision. In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, **to enter an order dismissing the action, one that is clearly appealable**." Id. at 1135-36 (quoting Lopez v. City of Needles, 95 F.3d 20, 22 (9th Cir. 1996)) (emphases

9

added).  The court then clarified that, in the face of conflicting case law, "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint.  A further district court determination must be obtained."  Id. at 1136.

In the present case, the Templetons both informed the court of their intention not to amend and obtained a final judgment.  Therefore, the Templetons have the right to appeal the dismissal of the claims relating to the transfers alleged in paragraphs 31 through 35.

**CONCLUSION**

For the reasons set forth above, we conclude that the bankruptcy court did not err in determining that transfers by non-Debtor parties are not subject to § 544(b) and dismissing those claims with leave to amend.  For the reasons set forth in our published opinion, we also hold that the court erroneously applied the doctrine of equitable tolling when it dismissed the Templetons' remaining claims as untimely under § 546(a)(1)(A).  Therefore, we AFFIRM IN PART and VACATE IN PART the bankruptcy court's orders and REMAND for further proceedings consistent with this memorandum and the accompanying opinion.