## No. 24797

**The People of the State of Colorado v. Bessie Pelzer Morant**
(499 P.2d 1173)

Decided August 14, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Bessie Morant, defendant herein, was convicted by a jury of first-degree murder. From this judgment, she appeals.

The salient portions of the record reflect the following: One Harvey — the murder victim — was defendant's paramour. Just preceding the homicide, defendant and her niece, Vivian, were at Harvey's residence. Defendant fell asleep. Harvey apparently attempted to, and possibly succeeded in, seducing Vivian. Defendant awoke and began beating and arguing with Harvey about the affair with Vivian. As the fight ensued, defendant's husband, Thomas, arrived. Harvey departed the premises with Thomas in pursuit and defendant and Vivian following. After a brief chase on foot, Thomas caught and attacked Harvey. Defendant and Vivian arrived as Thomas was beating Harvey. The evidence is in conflict as to whether defendant or Thomas administered the numerous stab wounds which resulted in Harvey's demise.

When the police arrived, defendant and Thomas were found standing in the street near a parked car about a block from the scene, where they were arrested, offering no resistance.

■ Errors assertedly committed by the trial court, particularly in the matter of the instructions given, were not preserved for appeal as no objections were made to the instructions, and the defects urged in this court for the first time were not included in the motion for a new trial. However,

"* * * 'when we feel that a seriously prejudicial error was made and that justice requires such consideration,' we may of our own motion examine and determine the point. [Cases omitted] Considering the gravity of the offense charged, and the sentence which necessarily attended the verdict returned, we have thought it compatible with reviewing judicial discretion to disregard what may be said to have been oversight of trial counsel, and examine notwithstanding. * * *" *McRae v. People,* 101 Colo. 155, 71 P.2d 1042.

## I.

■ Defendant's first contention is that the instruction given to the jury on voluntary manslaughter was erroneous. We agree. The instruction reads:

"You are instructed that manslaughter is the unlawful killing

of a human being without malice, either express or implied, and without any mixture of deliberation whatever.

"In cases of voluntary manslaughter there must be a serious and highly provoking injury inflicted upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing. The killing must be the result of that sudden violent impulse of passion supposed to be irresistible; for if there should appear to have been an interval between the assault or provocation given and the killing sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and punished as murder.

"Where the killing occurs in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder.

"The jury is further instructed that the word 'injury' as used in this instruction need not be a physical injury but can be a mental or emotion [sic] injury."

Embodied in the first two paragraphs is the recital of the provisions of C.R.S. 1963, 40-2-4, 40-2-5, and 40-2-6, concerning the degree of manslaughter, voluntary manslaughter, and manslaughter under passion respectively. If the instruction had stopped there, it would have correctly instructed the jury concerning the lesser offense. However, the court erred in adding the third paragraph which makes the instruction contradictory and confusing, and could have had the effect of completely nullifying the consideration by the jury of the voluntary manslaughter verdict. The third paragraph, which we find highly prejudicial, was a garbled portion of C.R.S. 1963, 40-2-7, relating to involuntary manslaughter, which statute we said in *Sawyer v. People,* 173 Colo. 351, 478 P.2d 672, was intended

"* * * to demonstrate what is *not* involuntary manslaughter. The effect of the proviso language is to point out that when an *involuntary* killing happens in the commission of an unlawful act which in its consequences naturally tends to

destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense is not involuntary manslaughter but may be murder as that crime is defined in C.R.S. 1963, 40-2-1, 40-2-2 and 40-2-3. * * *"

There was evidence which, if believed by the jury, would have warranted a verdict of voluntary manslaughter as defined in the first two paragraphs of the instructions. By expanding the instruction, the jury was told that the very conduct which would be voluntary manslaughter, *i.e.,* an unlawful act which would in its natural consequences result in death, must be adjudged to be murder.

II.

■ Another plain error perceived in reading the instructions is the one given the jury regarding specific intent. It reads in pertinent part as follows:

"You are further instructed that if a sane person without lawful justification or excuse (such as self defense or accident) intentionally uses a deadly weapon upon the person of another and inflicts a mortal wound, under circumstances showing no considerable provocation, *then intent to kill may be presumed or implied as an inference of fact from the act itself.*" (Emphasis added.)

■ The instruction is not tied to any grade of homicide; however, the term "intent to kill" is used in both the instruction on first-degree murder and the instruction on second-degree murder. Consequently, the jury was led to believe that specific intent could be presumed or implied from the act itself with regard to *both* degrees of murder. A presumption of intent will not support a conviction of first-degree murder where specific intent to commit the crime is required. *See Bishop v. People,* 165 Colo. 423, 439 P.2d 342.

III.

■ An instruction which misstated the law was the general one relating to express and implied malice. The instruction was not tied to any particular degree of murder, and by the reading of it, the jury could find implied malice instead of finding express malice necessary to arrive at a verdict of first-degree murder. Stated conversely, the instruc-

tion regarding implied malice should have been connected with the instruction on second-degree murder. It was not. This court approved an instruction which stated:

" 'The Court instructs the jury that when a killing is done unlawfully with a deadly weapon, or weapon calculated to produce and actually producing death, malice may be legitimately inferred in the absence of proof that the act was done in necessary self-defense *or upon sufficient provocation or cause,* and you may infer from such fact that the act was voluntary and committed with malice aforethought.' " (Emphasis added.) *Moya v. People,* 174 Colo. 435, 484 P.2d 788 (1971).

While there is no evidence of self-defense in the instant case, there is evidence of provocation, and such should not have been omitted from the instruction given. Moreover, the jury should have been clearly advised, either in the questioned instruction or in a separate instruction, that the inference of malice is one of fact for jury determination from the evidence. *Moya v. People, supra.*

### IV.

While not necessarily prejudicial, and which standing alone might not be reversible error, we comment on one other instruction which should not have been given under the facts herein. The instruction which we find not warranted by the evidence was on flight. Flight has been defined as a deliberate attempt to avoid detection. *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267. Particularly in a circumstantial evidence case, it can be considered as an element to show guilty knowledge. However, we have cautioned that

"* * * according to reason and the best considered authorities such an instruction is rarely advisable and should never be given unless the peculiar facts of the case appear to make it essential. It generally impinges upon the rule that particular portions of the evidence should not be singled out and emphasized by special instructions. Again, most of the authorities which assume to enumerate the essentials of this element are based upon the peculiar facts of a given case and may not be taken as generally applicable to all." *Robinson v.*

*People,* 114 Colo. 381, 165 P.2d 763; *accord Robbins v. People,* 142 Colo. 254, 350 P.2d 818.

The only evidence concerning flight was that the defendant departed from the immediate scene. However, the uncontradicted evidence is that, although there was time to have fled before the police arrived, defendant and her husband stopped by a parked car less than a block away; they were in plain view; they were not attempting to avoid detection or arrest; and they were apprehended by the police immediately. Such evidence is not sufficient to indicate a deliberate attempt to avoid detection and arrest.

The judgment is reversed, and the cause is remanded for a new trial.

MR. JUSTICE GROVES not participating.