## No. 25495

**The People of the State of Colorado v. Christopher Lee Woods**
(501 P.2d 117)

Decided September 25, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Albin Anderson, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant Woods was convicted of maliciously destroying property valued in excess of $500, in violation of the following portion of C.R.S. 1963, 40-18-1:
"Any person who shall willfully and maliciously destroy, damage, or in any manner injure the real or personal property belonging to another . . . where the damage to the real or personal property damaged, destroyed, or injured exceeds the sum of five hundred dollars . . . shall be guilty of a felony
. . . ."
The Attorney General has confessed error. We reverse.

The defendant testified that, after drinking a substantial quantity of beer, he and a friend threw stones at windows on the Mesa College campus in Grand Junction. The damage thus caused was in excess of $1400. He stated that he liked Mesa College a lot and had never disliked it.

At trial, the defendant tendered jury instructions regarding the element of malice in section 40-18-1. These instructions were refused by the court. The only instruction actually given to the jury relating to malice was Instruction No. 5:
"You are instructed that the mere intentional doing of an act prohibited by a statute does not alone constitute malicious mischief, although it may damage the property of another."

■■■ The Attorney General points out to us that, malice is an essential element of malicious mischief, and that Instruction No. 5 did not define malice nor sufficiently advise the jury as to this element. The Attorney General was obliged to conclude that the trial court's failure to adequately instruct the jury constitutes reversible error. We must agree, albeit reluctantly.

■ "Ingrained in the law is the right of an accused to insist that the court instruct the jury on all legal questions in order to reach a true verdict." *Gonzales v. People,* 166 Colo. 557, 445 P.2d 74 (1968).

The defendant assigned additional errors as grounds for reversal, none of which has merit. Upon instructing adequate-

ly as to "malice" and "malicious," all but one of these assignments would be cured. The remaining assignment was that an accessory instruction should not have been given. The instruction was correctly worded and there was no error in this respect.

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE KELLEY not participating.