## No. 24996

## The People of the State of Colorado v. Harvey Archuleta
(503 P.2d 346)

Decided November 27, 1972.

158

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Special Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave, III, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

Defendant, Harvey Archuleta, was convicted of burglary and theft, in violation of 1967 Perm. Supp., C.R.S. 1963, 40-3-5 and 40-5-2, respectively.

He appeals to this Court on two grounds. Defendant alleges (1) that Instruction No. 10 improperly instructed the jury on the elements of the crime of theft as defined in 1967 Perm. Supp., C.R.S. 1963, 40-5-2, and, accordingly, his convictions for both theft and burglary must be reversed; and (2) that the evidence is not sufficient to sustain a conviction. We agree with the first contention and therefore reverse on that ground. We do not, however, agree with the second contention.

I.

In instructing the jury, the court gave Instruction No. 10, which was intended to state the elements of the crime of theft. The instruction read in relevant part:

"Any person commits theft when he knowingly obtains or exerts control over anything of value of another, *or* intends

to deprive another permanently of the use or benefit of the thing of value." (Emphasis added.)

The statute, 1967 Perm. Supp., C.R.S. 1963, 40-5-2, defines the crime of theft as knowingly obtaining or exerting control over anything of value *and* intending to deprive another permanently of the use or benefit of the thing of value. The intent to deprive another permanently of the use or benefit of his property is an essential element of the offense, *People v. Gallegos,* 130 Colo. 232, 235, 274 P.2d 608, and, as such, must be proven to exist beyond a reasonable doubt. *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. And the same analysis is appropriate for the other element of the crime, namely, the act of knowingly obtaining or exerting control over anything of value.

In this case, by relying upon Instruction No. 10, the jury could have found the defendant guilty of theft upon proof of either of the elements rather than by proof of *both* of the necessary elements as required. Nor does an examination of the instructions in their entirety help the situation. Instruction No. 1 refers to the crime of theft, but does so in a general manner and with the express proviso that the instruction was merely advising the jury of the specific charge as expressed *in the information.* Read together Instructions 1 and 10 are at best confusing and conflicting, and do not cure the defect.

It is true that defendant failed to preserve this issue in his motion for a new trial, and did not contemporaneously object to Instruction 10 on the specific grounds now before this Court. However, the trial court has a duty to properly instruct the jury on every issue presented. *Gonzales v. People,* 166 Colo. 557, 445 P.2d 74, and the failure to do so with respect to the essential elements of the crime charged constitutes plain error. Where plain error affecting substantial rights appears, this Court in the interest of justice may and should deal with it, even though it is raised for the first time on appeal. *People v. Morant,* 179 Colo. 287, 499 P.2d 1173, *McRae v. People,* 101 Colo. 155, 71 P.2d 1042. We must,

therefore, reverse the conviction with respect to the crime of theft.

## II.

■ Because the jury was not properly instructed on the elements of the crime of theft, defendant's conviction for burglary must also fall.

Defendant was charged, under 1967 Perm. Supp., C.R.S. 1963, 40-3-5, with forcibly breaking and entering with intent then and there to commit the crime of theft. Again the only definition of theft was contained in Instruction No. 10, which we have held to be deficient.

■ One essential element of the crime of burglary is that at the time and place of entering the accused must have an intent to commit therein a specific crime named in the statute. *Garcia v. People,* 174 Colo. 372, 483 P.2d 1347; *Howard v. People,* 173 Colo. 209, 477 P.2d 378; and *Gomez v. People,* 162 Colo. 77, 424 P.2d 387. Therefore, it is necessary that the specific conduct which constitutes the ulterior crime be clearly defined in order to determine if the defendant's intent was that proscribed by the burglary statute. *See State v. Barick,* 143 Mont. 273, 389 P.2d 170, 177.

## III.

Since the matter must be reversed and remanded because of the error previously discussed, we shall deal with defendant's other assignment of error, which will become material in the event of a retrial.

■ Defendant argues that because there was no evidence that the defendant himself did the breaking and entering, the case should not have been submitted to the jury. However, this argument is without merit in Colorado, for one may be convicted under the charge of being a principal by proof that he was an accessory thereto. *People v. Buckner,* 180 Colo. 65, 504 P.2d 669.

The judgments entered upon the verdicts of the jury are reversed and the cause is remanded for a new trial.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE ERICKSON concur.