No. 25492

The People of the State of Colorado v.
Harold Roger Herrera and Richard A. Romero
(512 P.2d 1160)

Decided July 30, 1973.

Duke W. Dunbar, Attorney General, John P. Moore,

Deputy, David A. Sorenson, Assistant, Sara Duncan, Assistant, for plaintiff-appellee.

H. D. Reed, for defendant-appellants.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendants were convicted of aggravated robbery and conspiracy to commit robbery. They ask us to reverse because (1) a sealed verdict was improperly used; (2) a new trial should have been granted on the ground of newly discovered evidence; and (3) counsel was incompetent. We affirm.

The victim identified the defendants as the robbers. A woman testified at both trials that on the night of the robbery she and both defendants were in Minneapolis, Minnesota, and that she and one of the defendants attended a party that night, while the other defendant baby-sat with her child. She further testified that pictures, which were introduced in evidence at both trials, were taken at this party. These pictures showed the defendant whom she testified accompanied her to the party. There was no further alibi testimony.

I.

Counsel for the People and for the defendants stipulated at the second trial that a sealed verdict might be returned. The statute provides:

"[T]hat in every case of felony, except where the punishment may be death or life imprisonment, and in every case of misdemeanor, the court, upon stipulation consenting thereto, signed by the district attorney and by the defendant or his attorney, may direct the jury to the effect that should they agree upon a verdict during the recess or adjournment of court for the day, to seal their verdict, to be retained by their foreman and delivered by the jury to the court at the opening

of court, and that thereupon they may separate, to meet in the jury box at the opening of court; and such verdict may be received by the court as the lawful verdict of the jury." C.R.S. 1963, 39-7-20.

*See* Crim. P. 31(a)(2) to the same effect.[1]

At the time involved the penalty for aggravated robbery was not less than four years, or for life (1967 Perm. Supp., C.R.S. 1963, 40-5-1) and for the conspiracy the penalty was not less than one year, nor more than ten years (C.R.S. 1963, 40-7-35).

We held in *Jaramillo v. District Court,* 173 Colo. 459, 480 P.2d 841 (1971), the term "death or life imprisonment" does not embrace offenses which have a sentence of less than life imprisonment as a minimum and a maximum of either life imprisonment or death. It was not error, therefore, to use the sealed verdict.

II.

The "newly discovered evidence" was in the form of affidavits obtained from others at the party in Minneapolis, to the effect that the defendants were there on the night of the alleged robbery. These affidavits are not newly discovered evidence as, under defendants' theory of the case, they knew all along that these persons could so testify. *Pieramico v. People,* 173 Colo. 276, 478 P.2d 304 (1970).

III.

The remaining contention of the defendants is that they were incompetently represented by counsel as shown by the fact that their attorney at trial (not counsel here) failed to call as witnesses the other persons at the party in Minneapolis. We have been unable to find anything in the record disclosing why the trial counsel might have concluded not to attempt to use these witnesses, or if counsel found it impossible to produce the witnesses, or whether using them never occurred to counsel. Certainly the attorney had to

---

[1] After trial the statute was amended to provide that a sealed verdict may be received as provided by rule of the Supreme Court of Colorado. Colo. Sess. Laws 1972, 39-10-108, p. 238. Crim. P. 31 has not been amended.

know about the matter because of the testimony of the woman friend and because of the pictures.

Such being the state of the record and the matter having been raised here for the first time, we elect not to consider it in this appeal.

Judgment affirmed.

MR. JUSTICE ERICKSON does not participate.