## No. 26297

### The People of the State of Colorado v.
### Harold Roger Herrera and Richard A. Romero

(534 P.2d 1199)

Decided May 12, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

H. D. Reed, for defendants-appellants.

*In Department.*

Opinion by MR. JUSTICE DAY.

The defendants-appellants' convictions for aggravated robbery and conspiracy to commit the same were affirmed by us in *People v. Herrera,* 182 Colo. 302, 512 P.2d 1160 (1973). We declined to rule on the issue of claimed lack of effective counsel because it was raised in this court for the first time on that appeal and not in the lower court.

At a subsequent Crim. P. 35(b) hearing on the same issue, the lower court denied appellants' motions. We reverse and remand for a new trial.

Herrera and Romero had two trials. Both times they were represented by a public defender. They relied on a defense of alibi.

During the first trial, the sole witness for the defense was a Ms. Sirotiak, the fiancée of Romero. She testified that the appellants were in Minneapolis at the time of the robbery, and also testified to the names of other alibi witnesses who could substantiate this defense. The first trial resulted in a hung jury and a mistrial.

At a conference held between the first and second trials, Herrera and Romero requested that counsel produce the other alibi witnesses. The attorney told them he did not want to call the witnesses because he wanted to keep the case uncomplicated. He did talk again with Ms. Sirotiak. She produced certain pictures taken in Minneapolis, allegedly on the night of the robbery, depicting Romero and others at a family party. She stated that appellant Herrera was also in Minneapolis, babysitting for her child on the night of the party. However, Ms. Sirotiak said those persons in the picture could not actually remember the date of the family party; moreover, she doubted their availability for testimony in Denver.

Notwithstanding his conversation with the appellants and Ms. Sirotiak, defense counsel made no attempt before the second trial to contact the prospective witnesses because (a) he erroneously concluded he could not compel them to attend the second trial in Denver; and (b) he relied on Ms. Sirotiak's statements about their cloudy memory of the party's actual date.

Accordingly, the second trial proceeded with Ms. Sirotiak again as the sole defense witness. The pictures were introduced into evidence. This second trial resulted in convictions for both appellants.

Shortly thereafter, Ms. Sirotiak contacted the public defender once more and supplied further details of the names and addresses of the prospective corroborating alibi witnesses. She also stated that their "jogged" recollections were that both appellants had been in Minneapolis on the night of the robbery. On that basis the public defender prepared affidavits which were attached to appellants' motion for a new trial on the ground of newly discovered evidence. The motion was denied on the ruling that the evidence was not newly discovered, but was available before trial.

At the Rule 35(b) hearing appellants were represented by new private court-appointed counsel. The public defender offered the explanation that alibi is usually a poor defense, especially when based on the credibility of a biased witness. He opined that it would usually require a "back-up" by something tangible such as rent receipts, telephone bills, etc., which confirm actual presence at a certain spot on a certain date.

Counsel admitted, however, that if he had known that the other prospective witnesses could have given the testimony reflected in the affidavits offered in the request for a new trial, he would have had them here for the second trial. On this point he testified: ". . . That is exactly what I needed. We had one mistrial. We had to have something to tip the scales. Had I known who they were and not be just given some vague impression that these men were in Minneapolis in March of 1970 — well, we knew that because that is where one of these men was arrested. In order to be sufficient alibi evidence, it has to be a particular date."

In this case, counsel had a family party picture depicting people who might have corroborated the appellants' alibi. Nevertheless, counsel admitted he made no attempts to *personally* contact the witnesses in Minnesota, but instead relied on his conversations with Ms. Sirotiak, who was to decide whether her family would either be available to testify or could substantiate the exact date of the party and whether appellants were indeed there.

Whether the testimony of these witnesses would have been cumulative or whether they could have been subjected to the usual attacks on credibility is beside the point. If, after having made a personal investigation or having a skilled investigator from his office look into the matter, defense counsel chose not to

call the witnesses because their stories were vague and indefinite, that would have been a proper decision for counsel to make. *People v. McCormick,* 181 Colo. 162, 508 P.2d 1270 (1973); *Steward v. People,* 179 Colo. 31, 498 P.2d 933 (1972); *Martinez v. People,* 173 Colo. 515, 480 P.2d 843 (1971); *Valarde v. People,* 156 Colo. 375, 399 P.2d 245 (1965). *See also ABA Standards of Criminal Justice Relating to the Defense Function,* § 5.2(b). But once the decision-making was delegated to a layman, the strategic and tactical maneuvers no longer rested with the attorney. *Steward, supra.* Under those circumstances, and where counsel himself admitted the need for vital corroborative evidence, his failure to investigate and based thereon to decide whether to make available such defense witnesses deprived the appellants of effective assistance of counsel.

We note that the prosecution thought Ms. Sirotiak's information was worthy of *their* own investigation. The record reflects that the Denver district attorney enlisted aid of the Minneapolis police to check out some of the names she had mentioned during the first trial. Ms. Sirotiak called appellants' counsel to tell him that her family was being "harassed" by the police, yet he still did not conduct his own investigation.

Defense counsel also failed to research the question of whether he could compel out-of-state witnesses to appear at trial. Section 16-9-203, C.R.S. 1973, would have informed him.

This case on its facts impels this decision though we do not impugn the ability of this public defender's skill per se. As the record discloses, he is a skilled trial attorney, with much experience to his credit. It is only that under these particular circumstances counsel did not adequately discharge his obligation to his clients. He left the investigation of crucial witnesses to another witness rather than personally conducting the preparation of the case for trial, or at least using the investigators in the office to obtain statements from the witnesses for evaluation as to their credibility.

Judgment reversed and cause remanded for a new trial.

MR. JUSTICE HODGES, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.