## No. 27838

**The People of the State of Colorado v. Thomas Thomson**

(591 P.2d 1031)

Decided March 12, 1979.

Alexander M. Hunter, District Attorney, C. Phillip Miller, Chief Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, G. Paul McCormick, Deputy, for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

Defendant Thomson entered a plea of not guilty by reason of insanity to several charges arising from a shooting incident. The issue of his sanity was tried to a jury. Over the district attorney's objection, the trial judge gave the jury the following informational instruction, which had been

requested by the defendant:

"If a defendant is found not guilty by reason of insanity, it is the duty of the Court to commit the Defendant to the Department of Institutions until such time as the Defendant is determined to no longer require hospitalization because he no longer suffers from a mental disease or defect which is likely to cause him to be dangerous to himself, to others, or to the community in the reasonably foreseeable future."

The jury returned a verdict of not guilty by reason of insanity.

The People argue that the giving of this instruction was error because it improperly prejudiced the jury towards a verdict of not guilty by reason of insanity. In support of the People's position, there was cited *Ingles v. People,* 90 Colo. 51, 6 P.2d 455 (1931), which holds that it is not error for a trial judge to refuse tendered instructions informing the jury of the consequences of a not guilty by reason of insanity verdict. The court in *Ingles* reasoned that such an instruction does not aid a jury in determining the question of whether the defendant was sane or insane and, therefore, should not be permitted to influence them.

*Ingles* was decided in 1931 and reflects the rationale of that era. Recent studies and cases have recognized that today's juries are distracted from their fact finding function by their concern that a defendant will be returned to the community at large if found not guilty by reason of insanity. *See H. Weihofen, Procedure for Determining Defendant's Mental Condition Under the American Law Institute's Model Penal Code,* 29 Temp. L.Q. 235, 247 (1956); *Roberts v. State,* 335 So.2d 285 (Fla. 1976); *State v. Babin,* 319 So.2d 367 (La. 1975); *People v. Cole,* 382 Mich. 695, 172 N.W.2d 354 (1969); *State v. Pike,* 516 S.W.2d 505 (Mo. 1974); *State v. Hammonds,* 290 N.C. 1, 224 S.E.2d 595 (1976).

In a landmark federal case, *Lyles v. United States,* 254 F.2d 725 (D.C. Cir. 1957), it is reasoned that although an average juror understands the consequences of either a guilty or a not guilty verdict, the average juror is not aware of the consequences of a verdict of not guilty by reason of insanity. Accordingly, *Lyles* held that ". . . the jury has a right to know the meaning of this possible verdict as accurately as it knows by common knowledge the meaning of the other two possible verdicts."

We find the *Lyles* reasoning persuasive and, to the extent that *Ingles* is inconsistent, it is overruled. We realize that the challenged instruction in this case might possibly influence the jury toward a result-oriented verdict. This must be balanced by the possible miscarriage of justice if, in the mistaken belief that as a result of an insanity verdict the accused will be returned to the community, the jury rejects such a verdict on that account and later finds the accused guilty. This possibility should be negated by a jury instruction which clearly and simply explains the consequences to the defendant of an insanity verdict. Such an instruction should clearly indicate that it is only informational and is to have no persuasive

bearing on the jury's determination of a proper verdict under the evidence.[1]

Premised on the foregoing discussion, we now adopt the rule that a defendant who is relying on an insanity defense is entitled, *upon request,* to an instruction on commitment procedures. *See Commonwealth v. Mutina,* 366 Mass. 810, 323 N.E.2d 294 (1975); *State v. Babin, supra, Schade v. State,* 512 P.2d 907 (Alaska 1973); *People v. Cole, supra; Kuk v. State,* 80 Nev. 291, 392 P.2d 630 (1964).

The judgment of the trial court is affirmed.

---

[1] The instruction should be prefaced by the following wording: "This is an informational instruction and must have no persuasive bearing on the verdict you arrive at under the evidence."