## No. 79SC137

## The People of the State of Colorado v. Leonard Ray Hardin
(607 P.2d 1291)

Decided February 19, 1980.                    Rehearing denied March 10, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, William Morris, Assistant Attorney General for petitioner-appellee.

J. Gregory Walta, State Public Defender, Shelley Gilman, Deputy, for respondent-appellant.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

The defendant appeals his conviction in Boulder District Court of first-degree assault, second-degree assault, attempted criminally negligent homicide, and a crime of violence. Concurrent sentences were imposed. The appeal was transferred here from the Court of Appeals at the request of the prosecution. We remand for a new sanity trial because of the court's failure to give an instruction on commitment procedures. We also reverse and remand the judgments of conviction for first-degree assault and a crime of violence because the jury was not properly instructed on the requisite mental culpability for first-degree assault. The other judgments are affirmed but the judgment of conviction for second-degree assault is remanded for resentencing.

On August 10, 1977, the defendant Leonard Hardin was asked to leave Nederland and driven to the Nederland town line at Barker Reservoir by police officer Ken May after a Nederland bartender had

complained to May about Hardin. Hardin tried unsuccessfully to hitch a ride to Boulder and then returned to Nederland to pick up his van. Officer May observed Hardin and the van at a filling station in Nederland. The officer checked with the National Crime Information Center and found the van was stolen. He then approached the defendant and told him he was under arrest. While May was frisking Hardin, Hardin began to hit the police officer in the head with his fists, and in the ensuing struggle, Hardin grabbed May's gun from its holster. The gun went off, injuring Hardin's hand. Hardin then backed away from May, pointing the gun at him. The police officer lunged for the gun and was shot in the neck. May fell to the ground, and Hardin fired four shots, barely missing May. Hardin threw the gun toward some bushes and ran. He then apparently changed his mind and walked back to the scene of the shooting, where he was arrested.

The defendant made several incriminating statements. A statement made en route to the hospital was taped; it included an admission by the defendant that he was trying to kill the police officer.

The officer's most serious injury was a perforated eardrum which resulted in some hearing loss. An analysis of the defendant's blood revealed that he had been drinking and that he had taken an amount of dilantin four times the therapeutic level for adults. The defendant also claimed he had taken LSD.

I.

The defendant pled not guilty by reason of insanity to charges based on the assault. He requested that the following informational instruction be given at his sanity trial:

"If a defendant is found not guilty by reason of insanity, it is the duty of the Court to commit the Defendant to the Department of Institutions until such time as the Defendant is determined to no longer require hospitalization because he no longer suffers from a mental disease or defect which is likely to cause him to be dangerous to himself, to others, or to the community in the reasonably foreseeable future."

The trial judge refused to give the instruction, and the jury found the defendant sane.

The instruction requested is identical to the one in *People v. Thomson,* 197 Colo. 232, 591 P.2d 1031 (1979). There we held that a defendant who is relying on an insanity defense is entitled, *upon request,* to an instruction on commitment procedures. *People v. Thomson, supra* at 1032. The instruction is to be prefaced with the following:

"This is an informational instruction and must have no persuasive bearing on the verdict you arrive at under the evidence."

*People v. Thomson, supra* at 1032, n. 1. The *Thomson* decision was announced while this case was pending on appeal.

■ Thus, the question before us is whether to give *Thomson* retroactive effect.[1] Since the *Thomson* decision, the Court of Appeals has concluded that *Thomson* should be applied retroactively to all cases in which the judgment of conviction is not final. *People v. Osborn,* 42 Colo. App. 376, 599 P .2d 937 (1979). See also *People v. Beasley,* 43 Colo. App. 488, 608 P.2d 835 (1979). We hold that *Thomson* should be applied retroactively in those cases in which an instruction on commitment procedures has been requested and judgment of conviction is not final. See *People v. Beasley, supra.*

■ The test to be applied in determining the retroactivity of new rules of criminal procedure is set out in *Adams v. Illinois,* 405 U.S. 278, 280, 92 S.Ct. 916, 918, 31 L.Ed.2d 202, 207 (1973):

"We have given complete retroactive effect to the new rule, regardless of good-faith reliance by law enforcement authorities or the degree of impact on the administration of justice where the 'major purpose in new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials. . . .' *Williams v. United States,* 401 U.S. 646, 653 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971)."

*Adams* requires consideration of the rule's importance for the accuracy of the verdict. *Thomson* considered "the possible miscarriage of justice if, in the mistaken belief that as a result of an insanity verdict the accused will be returned to the community, the jury rejects such a verdict . . . .'' *Thomson,* at 1032. *See People v. Hampton,* 384 Mich. 669, 676, 187 N.W.2d 404, 406 (1971). The truth-finding function here requires the informational instruction.

■ Our conclusion that *Thomson* must be applied retroactively to all cases in which judgment of conviction is not yet final means that the defendant here must be re-tried on his plea of not guilty by reason of insanity. However, the grant of a new trial on sanity does not necessarily require a new trial on the merits if there is no prejudicial error in a trial of the substantive charge. *Young v. People,* 175 Colo. 461, 488 P.2d 567 (1971). Therefore, we turn to the allegations of error in the trial on the merits.

The defendant later was convicted of attempted criminally negligent homicide, first-degree assault, second-degree assault, and a crime of violence. He alleges numerous errors on appeal which were not the subject of objections or a new trial motion below. He also challenges his former counsel's competence for failing to preserve the errors for appeal.

---

[1] Because the trial court in *Thomson* gave the requested instruction, it was unnecessary for us then to decide retroactive application of the rule announced.

## II.

■ The defendant asserts that the trial court erred by omitting the element "knowingly" in the first-degree assault instruction. Section 18-3-202(1)(c), C.R.S. 1973 (1978 Repl. Vol. 8), provides that a person commits first-degree assault if:

"Under circumstances manifesting extreme indifference to the value of human life, he knowingly engages in conduct which creates a grave risk of death to another person, and thereby causes serious bodily injury to any person."

The instruction given at trial contained all of the elements of first-degree assault except the degree of mental culpability.[2] No objection was made to the instruction at trial, and the motion for a new trial did not raise the omission in the instruction as error. Where plain error or a defect affecting substantial rights appears, we should consider it even though it is raised for the first time on appeal. *People v. Morant,* 179 Colo. 287, 499 P.2d 1173 (1972). Therefore, we must consider whether the failure to instruct the jury on the requirement of "knowingly" was plain error or a defect affecting substantial rights. Crim. P. 52(b).

■ The due process clause of the United States Constitution protects the accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). The requirement that the defendant act knowingly is an essential element of first-degree assault. Here, the jury was allowed to find defendant guilty of first-degree assault without necessarily finding that the requisite culpable mental state had been proven beyond a reasonable doubt.

■ It is the duty of the trial court to instruct the jury properly on all matters of law, *People v. Woods,* 179 Colo. 441, 501 P.2d 117 (1972), and "the failure to do so with respect to the essential elements of the crime charged constitutes plain error." *People v. Archuleta,* 180 Colo. 156, 159, 503 P.2d 346, 347 (1972). On its face, the instruction defining the elements of first-degree assault was lacking a crucial element. Therefore, we reverse defendant's conviction of first-degree assault and remand to the trial court for a new trial.

## III.

The defendant alleges that the charges of attempted murder, first-degree assault, and second-degree assault based upon one incident subject

---

[2] The trial court instructed the jury in a separate instruction that "[t]o constitute a crime there must be a joint operation of an act forbidden by law and a culpable mental state of the defendant" and defined the term "knowingly." Because the first degree assault instruction failed to refer to "knowingly," the instructions read together are not sufficient. *People v. Archuleta,* 180 Colo. 156, 503 P.2d 346 (1972).

him to multiple prosecutions for the same offense. Defendant did not raise this issue during the trial or in his motion for a new trial. From the record we can ascertain that the crimes charged were not based upon "identical evidence."

The test for multiple prosecutions for the same offense under the double jeopardy clause has been laid down by the Supreme Court of the United States in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932):
"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . . ."
*See People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (1969).

The statutory provision in Colorado governing the prosecution of multiple counts for the same act, section 18-1-408, C.R.S. 1973 (now in 1978 Repl. Vol. 8), provides that, "[w]hen any conduct of the defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense." If the offenses charged are supported by identical evidence, the court may require the State to elect the count upon which the issue will be tried. As an alternative, the statute requires that sentences imposed after guilty verdicts on multiple counts based on the same act or series of acts arising from the same criminal episode must run concurrently. *See People v. Anderson,* 187 Colo. 171, 529 P.2d 310 (1974); *People v. Blair,* 195 Colo. 462, 579 P.2d 1133 (1978).

Here, the defendant was charged with attempted murder for the shots fired at the policeman lying on the ground. The first-degree assault charge was for the shot which hit Officer May in the neck resulting in a hearing loss. The defendant also hit Officer May's face; this gave rise to the second-degree assault charge for striking a peace officer in the course of lawful duty. The offenses charged were not supported by identical evidence. Hardin, after conviction, received sentences to run concurrently. We find no error in the multiple convictions, and we affirm defendant's convictions for attempted criminally negligent homicide and second-degree assault.

## IV.

The defendant also alleges that his multiple convictions were invalid because they were based on inconsistent findings of fact; that the admission of evidence of defendant's prior conviction was prejudicial error, and that the defendant was denied due process of law because he did not receive effective assistance of counsel. The invalidity of the convictions based on inconsistent findings of fact was not raised at trial or in the defendant's motion for a new trial. Nor did the defendant make any effort to suppress evidence of a prior conviction. In fact, the defendant testified about his prior burglary conviction on direct examination. We are not

persuaded by his contentions. Here the remedy for ineffective assistance of counsel may be a motion for an evidentiary hearing under Crim. P. 35(b). *See People v. Herrera,* 188 Colo. 403, 534 P.2d 1199 (1975); *People v. Herrera,* 182 Colo. 302, 512 P.2d 1160 (1973).

V.

We note, from the record, that the jury instruction on crime of violence referred to a person who knowingly possesses and threatens the use of a deadly weapon during an attempt to commit first-degree murder or first-degree assault. The jury convicted the defendant of a crime of violence. However, the court sentenced the defendant under the crime of violence provisions [section 16-11-309, C.R.S. 1973 (1978 Repl. Vol. 8)] applying the sentence enhancer to the convictions for first and second degree assault.

Because we have reversed the conviction for first-degree assault, the crime of violence conviction tied to the first-degree assault is also reversed and subject to a new trial. Because the trial court did not instruct the jury that it could find a crime of violence as a part of the second-degree assault, the sentence imposed for second-degree assault is improper. Therefore, we remand the judgment of conviction for second-degree assault for resentencing.

The judgment determining the defendant was sane at the time of the commission of the alleged crimes is reversed and the cause remanded for a new sanity trial. Should the defendant be found not guilty by reason of insanity, the judgments of conviction shall be set aside. The judgments of conviction for first-degree assault and a crime of violence also are reversed and the causes remanded for a new trial. The judgments of conviction for attempted criminally negligent homicide and second-degree assault are affirmed. The sentence for second-degree assault is vacated and the cause remanded for resentencing.

JUSTICE ROVIRA concurs in part and dissents in part.

JUSTICE ROVIRA concurring in part and dissenting in part:

I dissent as to Part I of the majority opinion.

The instruction approved in *People v. Thomson,* 197 Colo. 232, 591 P.2d 1031 (1979), as to what would happen to the defendant if he were found not guilty by reason of insanity was characterized as an "informational instruction," and the jury was further advised that it was to "have no persuasive bearing on the verdict you arrive at under the evidence."

In *Adams v. Illinois,* 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1973) relied upon by the majority to establish the standards or test by which retroactivity was to be measured, the United States Supreme Court concluded that, although assistance of counsel at a preliminary hearing

was constitutionally mandated (*Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970)), such constitutional doctrine would not be applied retroactively. *See also Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, (1967), and *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), where retroactive effect was not given to the requirement of counsel at a pretrial lineup or at an interrogation conducted without the presence of an attorney. The majority, by giving retroactive effect to this instruction, has elevated it to the level of new constitutional doctrines such as the right to counsel at trial, and on appeal, both of which were given retroactive effect. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

I do not accept the view expressed by the majority that failure to give retroactivity to this informational and nonpersuasive instruction impairs the truth-finding function of the trial and thereby raises serious questions about the accuracy of the verdict.