The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Richard F. TAFOYA, Defendant-Appellant.

No. 80CA0261.

Colorado Court of Appeals, Div. II.

July 22, 1982.

Rehearing Denied Aug. 26, 1982.

Certiorari Denied Nov. 22, 1982.

J.D. MacFarlane, Atty. Gen. Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Susan P. Mele, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Richard F. Tafoya, appeals his convictions of second degree burglary and three habitual offender counts. Tafoya, who appeared pro se at his trial, contends that his right to testify was impermissibly burdened, that he was prejudiced by certain trial court admonitions, that his motion for new trial should have been granted, and that there was insufficient evidence of his identity at the habitual offender phase of the trial. We reverse and remand for a new trial.

## I.

Tafoya was charged with five habitual offender counts. One count was withdrawn and another was later dismissed. Prior to trial, his advisory counsel requested "some guidelines from the Court as to the manner and means which the District Attorney may use these felony convictions." The trial court ruled that "the evidence of those three [remaining] convictions may be used by the prosecution in cross-examination of Mr. Tafoya, if he chooses to testify for purposes of the normal impeachment situation. They may also be used by the District Court in the sentencing phase of the trial, if such becomes necessary."

After the prosecution rested, the trial court told Tafoya that he had a right either to testify or to remain silent. Tafoya said he would like to testify "if the prosecution would stipulate not to allege prior convictions against me." The District Attorney informed Tafoya that, if the jury found him guilty, the State would proceed with the second phase of the trial and submit the habitual criminal count to the jury. The District Attorney further stated:

"And I suppose it would be appropriate, also, for Mr. Tafoya in this instance to be advised that if he takes the stand and admits those prior convictions, it will not—that the Court will be required under the statute, to impose the enhanced penalty without the necessity of the second half of the trial."

The trial court characterized this statement as "the District Attorney's position" and reiterated Tafoya's right to testify or to remain silent.

Tafoya asserts that his right to testify was impermissibly burdened by the threat of impeachment by means of prior conviction without procedural protections requiring independent proof of the habitual offender allegations. He maintains that he was constitutionally entitled to advance notice that the jury would be specifically instructed to consider evidence of his prior convictions only on the issue of his credibility, and that the People would still have the burden of proving his prior convictions by independent evidence at the habitual offender stage of the trial. We agree.

At the time of Tafoya's trial, a criminal defendant's admission to prior convictions during the substantive phase of his trial could be used in the habitual offender stage of the trial. *Hackett v. Tinsley*, 143 Colo.

203, 352 P.2d 799, *cert. denied,* 364 U.S. 874, 81 S.Ct. 118, 5 L.Ed.2d 96 (1960); *O'Day v. People,* 114 Colo. 373, 166 P.2d 789 (1946); § 16–13–103(1) and (3), C.R.S.1973 (1978 Repl.Vol. 8). After Tafoya's trial and during the pendency of this appeal, the Supreme Court explicitly overruled *Hackett* in *People v. Chavez,* 621 P.2d 1362 (Colo.1981), holding that such admissions could not be used in the habitual offender proceeding in lieu of independent proof of the prior convictions. Thus, we must determine whether *Chavez* applies retroactively to Tafoya's trial.

In *People v. Hardin,* 199 Colo. 229, 607 P.2d 1291 (1980), the Supreme Court adopted the retroactivity rule set out in *Adams v. Illinois,* 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1973). This rule gives retroactive effect to the new rule where the "major purpose in new Constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials . . . ." *Williams v. United States,* 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388, 395 (1971).

The *Hardin* court was considering retroactive application of *People v. Thomson,* 197 Colo. 232, 591 P.2d 1031 (1979), which held that a defendant who is relying on an insanity defense is entitled, upon request, to an instruction on commitment procedures. The *Hardin* court considered the importance of the rule in guaranteeing an accurate verdict and found that the truth-finding function required the informational instruction. It concluded that *"Thomson* must be applied retroactively to all cases in which judgment of conviction is not yet final . . . ."

 Here, as in *Hardin,* the truth-finding function of Tafoya's trial was substantially impaired by the trial court's advice to Tafoya because it impermissibly burdened his right to testify and to have the prosecution prove each element of the several counts with which he was charged. *Chavez, supra.* Thus, although the trial court followed applicable Colorado law at the time of the trial, under the circumstances here, Tafoya is entitled to a new trial because *Chavez* applies retroactively.

## II.

 Tafoya finally contends that there was insufficient evidence identifying him as the person convicted of three prior felonies in Arizona. He asserts that the three judgments of conviction were not accompanied by sufficient evidence indicating that he was the person imprisoned pursuant to those convictions. We disagree.

The People's exhibits include judgments of conviction for armed robbery, robbery, and prisoner in possession of a deadly weapon. Other documents link Tafoya's fingerprints, taken two days before this trial, with the fingerprints of the person convicted of the initial felony in Arizona. The sentencing documents concerning the second and third felonies refer to the sentence on the first felony. Hence, there is sufficient evidence in the record considered as a whole to identify Tafoya as the person convicted of three felonies in Arizona. *See DeGesualdo v. People,* 147 Colo. 426, 364 P.2d 374 (1961).

In view of this disposition, we need not consider whether certain trial court admonitions resulted in prejudice at Tafoya's first trial. The newly discovered evidence which forms the basis for Tafoya's motion for new trial can be introduced at his second trial.

The judgment is reversed and the cause is remanded for retrial.

ENOCH, C.J., and VAN CISE, J., concur.