**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**John B. CHAVEZ, Defendant–Appellant.**

**No. 89CA1390.**

Colorado Court of Appeals, Div. IV.

Dec. 19, 1991.

Rehearing Denied Jan. 16 and Feb. 13, 1992.

Certiorari Granted July 7, 1992.

Cross–Petition Denied (Chavez) July 7, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Judy L. Lucero, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge REED.

Defendant, John B. Chavez, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of attempted second degree burglary and four habitual criminal counts. We reverse and remand for a new trial.

## I.

Defendant contends that the advisement given by the trial court regarding his right to testify was inadequate. We agree.

The right to testify on one's own behalf is so tied to fundamental concepts of justice that procedural safeguards must be employed both to insure that defendant is adequately apprised of such right and that any waiver thereof is made voluntarily, knowingly, and intelligently. *People v. Curtis*, 681 P.2d 504 (Colo.1984); *People v. Romero*, 767 P.2d 782 (Colo.App.1988).

Accordingly, it is required practice that every defendant be advised on the record by the court and outside the presence of the jury that he has the right to testify or not, that the ultimate decision whether to testify must be made by him, that no one can prevent him from doing so, that should he choose to testify, the prosecution will be permitted to cross-examine him concerning prior felony convictions, and that if cross-examination discloses prior convictions, the jury can be instructed to consider them only as they bear upon defendant's credibility. *People v. Curtis, supra.*

Moreover, if defendant is facing habitual criminal counts, he is entitled to be advised that any admissions of prior felony convictions made by him during the substantive phase of the trial cannot be used by the prosecution to prove the habitual offender charges. *People v. Tafoya*, 654 P.2d 1342 (Colo.App.1982).

The foregoing sets forth the essential elements of advisement procedures to be undertaken in trials involving habitual criminality. It thus remains the trial court's duty in those proceedings properly to advise defendant in accordance with *Curtis* and to explain the effect of his testimony upon the habitual criminal charges, so that a reviewing court can ascertain whether defendant was adequately advised of his right to testify. *See People v. Romero, supra.* These procedures are critically important to obtain assurance that defendant understands the real consequences of deciding to testify.

We recognize that neither *Curtis* nor *Tafoya* purport to establish what are the minimum requirements necessary to a valid waiver of defendant's right to testify. *See Roelker v. People*, 804 P.2d 1336 (Colo. 1991); *People v. Ball*, 813 P.2d 759 (Colo. App.1990). The validity of waiver must be based on the totality of circumstances and mandates a degree of compliance that is substantial when tested against the above-mentioned requirements. Consequently, the trial court's determination that there has been a waiver of the right to testify will be upheld so long as the record reflects that defendant was adequately apprised of such right and contains competent evidence to support a finding that defendant would have understood the probable consequences of invoking it. *Roelker v. People, supra.*

Here, the totality of the advisement given by the court consisted of the following:

THE COURT: All right, we'll start over on the *Curtis* advisement, under the Con-

stitution of the United States and the Constitution of Colorado, you have a right to testify if you want to. You also have a right not to testify. If you do testify, the district attorney will be allowed to cross-examine you and will be allowed to ask you about your four prior felony convictions we talked about yesterday.

Do you understand all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: A little louder.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Have you made a decision?

THE DEFENDANT: I'm not.

THE COURT: You're not going to testify?

THE DEFENDANT: No.

Thus, although the court did apprise defendant in accordance with the requirements of *Curtis* that he had the right to testify and that, if chose to do so, the prosecution could inquire about his prior felony convictions, it failed to inform him that it was his personal decision, regardless of counsel's advice. It further failed to advise him adequately as to the consequences of testifying.

Specifically, the trial court neglected to advise defendant in express terms that the jury, in connection with the substantive charge, would be instructed to consider prior felony convictions revealed during cross-examination only as they affected the credibility of his testimony. In addition, the trial court failed to advise defendant that any admission of prior convictions that he made during the trial of the substantive charge could not be used as evidence to prove the habitual criminal charges. As a result, relevant information which would have enabled defendant to make an informed and meaningful decision to testify, free of the impermissible burden recognized by our supreme court in *People v. Chavez*, 621 P.2d 1362 (Colo.1981), was not provided.

The People's reliance upon our decision in *People v. Ball, supra,* is misplaced. In *Ball,* defendant was instructed that the jury could consider his prior felony conviction "only as they bear upon his credibility

as a witness and *for no other reason."* This was deemed adequate for eliciting a valid waiver. In the instant case, the trial court altogether omitted advisements regarding the evidentiary significance of defendant's prior convictions. Thus, *Ball* is distinguishable and would not be controlling here.

Here, the failure of the trial court to inform defendant that the decision to testify was personal to him and as to the limited evidentiary use of any admission by him, rendered the advisement inadequate. Thus, the advisement cannot provide a sufficient basis upon which to support an inference that defendant's relinquishment of his right to testify was by a valid waiver pursuant to *Curtis.* Cf. *People v. Ball, supra.* Accordingly, the defendant is entitled to a new trial.

## II.

Defendant maintains that three of the prior felony convictions forming the basis for the habitual criminal charges were constitutionally infirm. We disagree.

■ To establish the constitutional validity of a prior conviction resulting from a guilty plea, the record as a whole must affirmatively demonstrate that the defendant understood the constitutional rights he was waiving and the critical elements of the crime to which the plea was tendered. *Lacy v. People,* 775 P.2d 1 (Colo.1989), *cert. denied sub nom. Colorado v. Lacy,* 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 337 (1989).

■ A defendant attacking the constitutionality of a prior conviction in habitual criminal proceedings must make a prima facie showing that the guilty plea was unconstitutionally obtained, and having done so, the conviction is not admissible unless the prosecution establishes by a preponderance of the evidence that the conviction was obtained in accordance with the defendant's constitutional rights. *Lacy v. People, supra.*

### A.

■ Defendant argues that his 1978 Adams County conviction for first degree kidnapping is constitutionally infirm be-

cause the trial court there failed to explain the requisite culpable mental state of specific intent.

The record reveals that the charge of first degree kidnapping was read to the defendant by the trial court. Defendant executed a written plea agreement which also set forth the elements of the offense by stating, "I understand that by entering this plea I am admitting that on April 7, 1977 in Adams County, Colorado, I unlawfully, feloniously, and forcibly seized and carried a victim ... from one place to another, with the specific intent thereby to force [the victim's parents] to make a concession and give up something of value to secure the release of [the victim] who was under the actual and apparent control of myself." Defendant indicated that he understood the elements of the offense.

Under this state of the record and in the absence of any evidence that the defendant did not understand the mental state element, we conclude the trial court did not err by allowing the jury to consider this prior conviction.

### B.

■ Defendant asserts his 1975 Jefferson County conviction for attempted second degree burglary was invalid because the trial court failed to explain the culpable mental state element and failed to establish a sufficient factual basis.

The record shows that defendant's attorney read the charge with defendant and represented that defendant understood the charge. The trial court explained the elements of attempted second degree burglary, and defendant indicated that he understood those elements. Defendant also admitted a factual basis for the guilty plea.

Under these circumstances and in the absence of any evidence by the defendant that he did not understand the elements of the offense, we conclude the trial court correctly determined that the 1975 Jefferson County conviction was valid.

### C.

■ Defendant maintains his 1969 Denver County conviction for felony joyriding was invalid because the trial court did not read the charge, nor did it establish a factual basis for the charge.

The record demonstrates that defense counsel waived formal reading of the information, waived the establishment of a factual basis, and stated that the charge had been explained to the defendant. Moreover, the charge was a felony based upon defendant's previous conviction for joyriding.

We conclude the trial court properly found that the defendant was aware of the nature of the offense and this prior conviction was valid. *See People v. Drake,* 785 P.2d 1257 (Colo.1990).

In view of our conclusion that the judgment of conviction must be reversed, it is unnecessary to consider defendant's remaining contentions.

The judgment is reversed, and the cause is remanded for a new trial consistent with this decision.

HUME, J., concurs.

ROTHENBERG, J., dissents.

Judge ROTHENBERG dissenting.

I respectfully dissent.

In my opinion, the trial court's *Curtis* advisement, while not extensive, nevertheless satisfied the minimum requirements necessary to establish a valid waiver of the defendant's right to testify. *See Roelker v. People,* 804 P.2d 1336 (Colo.1991); *People v. Ball,* 813 P.2d 759 (Colo.App.1990).

In *People v. Ball, supra,* the defendant contended that he should have been given advisements, pursuant to *People v. Chavez,* 621 P.2d 1362 (Colo.1980), that admissions of his prior convictions elicited during the substantive phase of his trial could bear only on credibility and could not be used as evidence during the habitual criminal phase. This court rejected the argument and noted that *Chavez* did not address advisements to be given to defendants. Rather, *Chavez* considered the instructions which are given to the jury if the defendant testifies.

And, although the defendant in *Ball* was given an additional statement telling him that if he testified and was cross-examined as to prior felonies, the jury would be in-

structed to consider the convictions only as to his credibility, I do not agree that the absence of that statement here necessitates a different result.

I also question the continued vitality of *People v. Tafoya*, 654 P.2d 1342 (Colo.App. 1982), upon which the defendant heavily relies. This court held that Tafoya was entitled to receive advance notice as to the limited use of his prior convictions. However, Tafoya was tried and convicted before our supreme court announced its decision in *People v. Chavez, supra*, and, unlike the situation facing the defendant here, Tafoya's admission of prior convictions during the substantive phase of his trial could have been used against him as evidence in the habitual offender phase. Thus, the error in advisements severely prejudiced him. I perceive no similar prejudice here. *People v. Chavez, supra*.

Since I also find defendant's other contentions to be without merit, I would affirm the judgment.