## MATTER OF PLATA

### In Deportation Proceedings

### A-19027116

*Decided by Board November 5, 1973*

(1) The time and notice requirements of section 241(b)(2) of the Immigration and Nationality Act are mandatory and a timely recommendation against deportation is rendered ineffective if the notice requirements of the section are not complied with.

(2) In the instant case, following conviction of a crime involving moral turpitude and suspension of imposition of the sentence to confinement, respondent was placed on probation with the probation order containing the directive "will not be deported". While the directive of the court may have constituted a timely recommendation against respondent's deportation under section 241(b)(2) of the Act, absence of the requisite prior notice to the Service rendered the recommendation ineffective.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude committed within five years after entry.

ON BEHALF OF RESPONDENT: Robert L. Millard, Esquire
El Paso Legal Assistance Society
109 N. Oregon St., Room 919
El Paso, Texas 79901

This is an appeal from an order of an immigration judge finding the respondent deportable, denying his request for voluntary departure, and directing his deportation to Mexico. The appeal will be dismissed.

The respondent is a 22-year-old unmarried male alien, native and citizen of Mexico, who was lawfully admitted to the United States for permanent residence on January 2, 1970. At a hearing before an immigration judge, at which he was represented by present counsel, the respondent admitted the truth of the factual allegations of the Order to Show Cause but denied deportability. The basis for the respondent's denial of deportability, and the sole issue on this appeal, is his contention that he is the subject of a valid judicial recommendation against deportation under section

241(b)(2) of the Immigration and Nationality Act. The immigration judge found the recommendation to be defective for failure to give prior notice to the Service, as required by section 241(b)(2). We concur in the immigration judge's conclusion.

The record indicates that on March 9, 1972, in the District Court for the 34th Judicial District, El Paso County, Texas, the respondent pleaded guilty to the offense of theft of property of the value of $50 and over, and was sentenced to confinement in the state penitentiary for 10 years (Ex 3). The record further shows that the imposition of that sentence was suspended and the respondent was placed on probation for the same period (Ex. 3).

Contained in respondent's probation order is the directive "will not be deported" in item 14 (Ex. 3). While this directive of the Court may have constituted a timely recommendation under section 241(b)(2), there is no evidence that the Service was given the requisite prior notice so as to have an opportunity to make representations in the matter. Counsel has cited no cases, nor have we found any, wherein an unexplained absence of notice did not render the recommendation ineffective.[1] This Board has long taken the view that Congress intended the time and notice requirements of section 241(b)(2) to be mandatory, and that a timely recommendation against deportation is rendered ineffective if the notice requirements are not complied with. See *Matter of I—*, 6 I. & N. Dec. 426 (BIA 1954). Despite the often harsh consequences of mandatory construction of the statute, the courts have consistently supported this view. See *Velez-Lozano* v. *INS*, 463 F.2d 1305 (D.C. Cir. 1972); *Marin* v. *INS*, 438 F.2d 932 (C.A. 9, 1971), cert. denied 403 U.S. 923; *U.S. ex rel. Piperkoff* v. *Esperdy*, 267 F.2d 72 (C.A. 2, 1959).

Counsel argues that with respect to the notice requirement of section 241(b)(2), the intent of Congress to make the provision mandatory is not as clear as it is in the "thirty days" limitation. Indeed, most cases which involve a defective judicial recommendation against deportation turn on the question of timeliness, rather than notice. There is nothing to indicate that Congress intended section 241(b)(2) to be divisible, with the time requirement mandatory and the notice requirement merely directory.[2]

---

[1] The case of *Haller* v. *Esperdy*, 397 F.2d 211 (C.A. 2, 1968), upon which counsel relies, is distinguishable from the present case. There the sentencing judge had assumed the responsibility of giving the required notice. The Court of Appeals held that his failure to do so did not make the recommendation ineffective, and that the conviction could not be used as a basis for deportation until the Service had an opportunity to present its views and the court acted on them.

[2] Judge Fahy's dissenting opinion in *Velez-Lozano* v. *INS*, 463 F.2d 1305 (D.C. Cir. 1972), which argues that section 241(b)(2) should be given a directory interpretation, represents an individual view.

Thus, while we recognize the consequences which flow from this construction of section 241(b)(2), our decision here is consonant with the consistent interpretation given this statutory provision by this Board and the reviewing courts. The decision of the immigration judge was therefore correct and will be affirmed.

**ORDER:** The appeal is dismissed.