The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

William Leon LOGGINS,
Defendant-Appellant.

No. 83CA0204.

Colorado Court of Appeals,
Div. I.

May 23, 1985.

Rehearing Denied July 3, 1985.

Certiorari Denied Nov. 4, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, William Loggins, appeals the judgment entered on the convictions by a jury of attempted first degree murder, second degree robbery, and aggravated robbery. We affirm.

On the morning of November 17, 1981, the food stamp office at the Northside Community Center in Denver was broken into, and 29 food stamp authorization to purchase (ATP) cards were stolen. Sister Rosemary Keegan, the director of the Headstart program at the community center, was struck over the head with a hammer during the robbery by a man she later tentatively identified as the defendant.

I.

Defendant states that the trial court erred in refusing to submit to the jury his tendered theory of defense instruction. Defendant's tendered instruction contained a detailed event-by-event account of the evidence consistent with his claimed alibi. It also contained an even lengthier recount

of how he came into possession and negotiated some of the ATP cards.

■ The trial court rejected defendant's instruction and gave the following instruction instead:

"The defendant has raised the affirmative defense of Alibi and it is his theory of the case that he was not present at the location of 3551 Pecos Street during the morning of November 17, 1981, at the time when the offenses as alleged in the Information were committed."

The jury was also instructed regarding the prosecution's burden of proof in light of defendant's alibi defense. *See COLJI–Crim.* No. 7:1 (1974). In light of having given these instructions, the trial court properly denied defendant's theory of the case instruction.

The instructions given by the court adequately instructed the jury on the substance of defendant's alibi defense. Defendant's tendered instruction attempts to reargue the evidence he presented at trial, an opportunity which was afforded his counsel in closing argument. *See Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971).

## II.

■ Defendant alleges that he was denied due process of law by the prosecution's failure to preserve for independent testing an adequate amount of a bloodstain found at the scene of the crime. We disagree.

A cutting board with a bloodstain on it was found in the food stamp office at the community center and was submitted to the Denver police laboratory for analysis. A forensic serologist ran a series of tests on the stain over a period of several days beginning November 18, 1981. She also tested fresh blood samples from several suspects, including the defendant, and from Sister Keegan.

At the conclusion of her tests the serologist stored the cutting board in a dark, dry police evidence locker at room temperature. Although no tested samples were preserved and no photographs of the test results were made, the existence of the board and the test results were made known to the defendant.

Approximately a year later, a serologist retained on behalf of defendant employed a technique whereby the stain was flooded with water and the solution drawn off. The tests conducted by this serologist were inconclusive.

The trial court found that enough stain remained for defendant's serologist to retest for a certain blood factor and to also run several other tests. In addition, the court found that the methods employed by the prosecution's serologists were more effective in enhancing the chances of finding the critical blood factor than the methods used by the defense's serologists. There is sufficient expert testimony in the record to support these findings.

■ Although the State is required to preserve evidence which might be favorable to the accused, *Garcia v. District Court,* 197 Colo. 38, 589 P.2d 924 (1979), the defendant must make some showing that the evidence is exculpatory before the *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) standard is implicated. In *People v. Hedrick,* 192 Colo. 37, 557 P.2d 378 (1976), the court rejected a defendant's claim of a *Brady* violation, finding no testimony that the blood alcohol test in question was wrong. *See also Garcia v. District Court, supra; People v. Gomez,* 198 Colo. 105, 596 P.2d 1192 (1979); *People v. Garries,* 645 P.2d 1306 (Colo. 1982). In the above four cases, the defendant made at least a minimal showing that preservation of destroyed evidence could have assisted the defendant's case. The record in the instant case, however, is conspicuously devoid of any such showing. Therefore, we conclude that there was no due process violation here.

## III.

■ Defendant also contends that the trial court erred in failing to give a special instruction concerning testimony of immunized witnesses. We disagree.

Several witnesses who testified against defendant at trial were granted immunity from forgery charges arising out of their dealings with defendant in attempting to utilize the stolen ATP cards. Defendant alleges the trial court erred in refusing to instruct the jury that special care must be used in judging the credibility of witnesses granted immunity or charge concessions.

Colorado has not adopted a pattern jury instruction dealing specifically with the credibility of immunized witnesses. Contrary to defendant's argument, *COLJI–Crim.* No. 4:06 (1983), concerning accomplice testimony, is inapposite. Here, none of the immunized witnesses claimed to have been a participant in the crimes with which defendant was charged. Further, the testimony of each witness was corroborated by other testimony or physical evidence in the case. *See People v. Small,* 631 P.2d 148 (Colo.1981), *cert. denied,* 454 U.S. 1101, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981) (special accomplice instruction need be given only if accomplice testimony is uncorroborated).

The record shows that the jury was aware of the grants of immunity. Defendant took the opportunity in examination of these witnesses and during closing argument to probe and discuss the credibility of each witness. The standard credibility instruction, *COLJI–Crim.* No. 3:8 (1974), given in this case, which listed the factors for the jury to consider in weighing the credibility of each witness, was sufficient instruction to the jury on this issue. *People v. Estorga,* 200 Colo. 78, 612 P.2d 520 (1980).

## IV.

Defendant's final contention is that the trial court erred in refusing to allow trial counsel to withdraw after they and defendant both made allegations of ineffective assistance of counsel. Under the facts of this case, the contention is without merit.

Defendant raised his allegations of ineffective assistance of counsel for the first time in his motion for new trial. Defendant alleged that his court-appointed attorneys were incompetent in failing to have the blood stain sample analyzed in a proper and timely manner, failing to get the blood stain evidence suppressed, failing to file proper motions, failing to make proper objections at trial, and failing to conduct effective cross-examination of witnesses. Defendant's trial counsel requested permission to withdraw, and defendant requested that new counsel be appointed to represent him in his motion for new trial. The trial court denied these requests, although new counsel was appointed for purposes of this appeal.

■■ The constitutional guarantee of effective assistance of counsel does not require errorless representation but does demand that counsel render reasonably effective legal assistance. *People v. Velasquez,* 641 P.2d 943 (Colo.1982), *cert. denied,* 459 U.S. 805, 103 S.Ct. 28, 74 L.Ed.2d 43 (1982); *People v. White,* 182 Colo. 417, 514 P.2d 69 (1973). Representation which falls "within the range of competence demanded of attorneys in criminal cases" is the test of effective assistance of counsel. *People v. Johnson,* 638 P.2d 61 (Colo.1981).

■■ The trial judge sat on the case from the beginning and was in the best position to observe the performance of defendant's counsel. In the hearing on defendant's motion for new trial, the judge commented, "I have not experienced preparation in the use of trial strategy in a degree as high as I saw in this case in my eight years as a prosecutor and in two years as a judge." The voluminous record submitted in this appeal verifies this statement and vindicates the efforts of defendant's counsel. The record is replete with timely motions which, in our opinion, demonstrate a diligent effort on the part of counsel to construct an aggressive and vigorous defense. The record shows careful planning and thorough discovery. The transcript of testimony contains timely objections to incriminating testimony and astute cross-examination. *See People v. Johnson, supra; Maynes v. People,* 178 Colo. 88, 495 P.2d 551 (1972).

While we do not express an opinion on the trial court's refusal to allow counsel to withdraw, we hold that the record itself is conclusive that defendant's motion for new trial based on ineffective assistance of counsel was properly denied. *Maynes v. People, supra.*

Judgment affirmed.

ENOCH and METZGER, JJ., concur.