**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Charles William TACKETT,**
**Defendant-Appellant.**

**No. 83CA1163.**

Colorado Court of Appeals,
Div. II.

April 9, 1987.

Rehearing Denied May 14, 1987.

Certiorari Denied (Tackett) Sept. 8, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Tegtmeier & Sears, P.C., Lance M. Sears, Benjamin S. Waxman, Mary G. Allen, Colorado Springs, for defendant-appellant.

BABCOCK, Judge.

Defendant, Charles William Tackett, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree sexual assault, second degree kidnapping, attempted first degree sexual assault, and crime of violence, and also appeals the trial court's order denying his motion for postconviction relief. We affirm.

The victim gave police a general description of her attacker. She moved to Arizona several months later and was subsequently contacted by a Phoenix police detective, who asked her to view a photographic lineup, from which she identified defendant as her assailant. Defendant's photo had been included in the lineup because he fit the victim's general description, and because he had been a suspect in several similar

crimes. Thereafter, defendant was convicted of the above offenses and was sentenced to two concurrent 16–year terms and a concurrent four-year term.

After his motion for new trial was denied, defendant filed a motion for postconviction relief pursuant to Crim.P. 35(c), which was also denied.

## I.

Defendant first contends that the trial court erred in denying his Crim.P. 35(c) motion because his trial attorneys failed to render him effective assistance of counsel. We disagree.

Defendant's allegation focuses on his attorneys' decisions not to present alibi testimony from his wife and not to present evidence that he had a mustache on the date of the offense, after the victim had described her assailant as clean-shaven. Defendant contends that his attorneys' failure to conduct a reasonably timely and thorough investigation of his alibi and the mustache aspect of his misidentification defense amounted to ineffective assistance of counsel.

■ The right to counsel guaranteed by the Sixth Amendment and Colo. Const. art. II, § 16, entitles the defendant in a criminal proceeding to the reasonably effective assistance of an attorney acting as his diligent and conscientious advocate. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Norman*, 703 P.2d 1261 (Colo.1985). The standard of reasonableness is an objective one measured by prevailing professional norms. *Strickland v. Washington, supra.*

■ In a Crim.P. 35 proceeding, the burden rests on defendant to show not only that counsel's performance was deficient, but also that it prejudiced his defense. *Strickland v. Washington, supra; People v. Dillon*, 739 P.2d 919 (Colo.App.1987). To show such prejudice, defendant must demonstrate that, under the totality of circumstances, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable proba-

bility is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland v. Washington, supra; People v. Dillon, supra.*

■ A defendant is entitled to a pretrial investigation of sufficient thoroughness to develop potential defenses and uncover facts relevant to guilt and punishment. *Strickland v. Washington, supra; People v. Norman, supra.* However, mere disagreement as to trial strategy will not support a claim of ineffective assistance. *People v. Bossert*, 722 P.2d 998 (Colo.1986). As the U.S. Supreme Court stated in *Strickland v. Washington, supra:*

> "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."

■ The issue here is thus not whether defendant's trial attorneys failed to pursue reasonable investigation of the alibi and mustache issues, but whether their decision not to present that evidence was reasonable to the extent that it made any further investigation unnecessary.

As to the alibi, defendant's attorneys interviewed his wife and mother about his activities on the night of the assault. Their stories contained discrepancies, and were inconsistent with accounts given by both defendant and his friend, who was also in his company that night. Corroborative of the credibility of their story was the wife's claim that she had been working as a waitress at a restaurant that night; however, when the attorney's investigator obtained her time card, it showed she was off work that evening. Defendant's attorneys testi-

fied that they were concerned that this evidence might damage the wife's and mother's credibility before the jury. Consequently, they reasoned the wife's testimony might impair defendant's attack on the victim's identification by enhancing her credibility and by diverting the jury's attention to collateral matters; therefore, they decided not to present the alibi testimony. They also testified that they had doubts about the veracity of the wife's and mother's stories, and were concerned about presenting perjured testimony.

Defendant argues that he received ineffective assistance because his attorneys failed to obtain documents from the restaurant's corporate headquarters which may have showed that his wife was working that night. However, these documents, admitted at the Crim.P. 35(c) hearing, were inconclusive, would not have changed the fact that the wife's and mother's credibility was still suspect, and would only have drawn attention to the inconsistencies in their testimony. Because defendant's attorneys determined, as a matter of strategy, that the alibi would have been potentially detrimental to the defense, they concluded that further investigation into matters that were, at best, tangential to the alibi was deemed unnecessary.

Concerning the mustache, the incident underlying the charges at issue occurred in February 1982, and defendant was clean-shaven in May 1982 when he was arrested on a separate sexual assault charge. Defendant claims he was denied effective assistance because his counsel failed to discover a Polaroid photograph allegedly taken in April 1982 that showed him with a mustache. Defendant's wife gave counsel the photograph shortly before trial after it was mailed to her by a relative in Ohio. The only evidence purporting to date the photo was a car rental agreement, and its relation to the photo could not be established.

Defendant's attorneys testified that when they got the photograph they had already decided not to present testimony that defendant wore a mustache at the time of the assault, since this would have

permitted the prosecution to introduce evidence from his May 1982 arrest that showed him clean-shaven. They had also determined that defendant's mother's testimony as to why he had no mustache then— that he had shaved the mustache only days before that arrest because he had "nicked" it—would not be believed by the jury. Defense counsel considered defendant's wife's and mother's stories to be incredible. Because these were strategic decisions, no further investigation into the mustache matter was conducted, and the discovery of the undated photograph would not have altered that decision.

The trial court determined that the pretrial investigation did not fall below the objective standard of competence for effectiveness in the community. The court concluded that the evidence was inconsequential, and that the failure to present it did not create a reasonable probability that the result of the trial would have been different.

We agree with the trial court's conclusions, and add that, in view of the inherent problems both the alibi and mustache theories presented, we will not second-guess counsels' judgment as to strategy. Hence, any further investigation became unnecessary, and we conclude that their decisions not to pursue further these matters were reasonable. Therefore, defendant was not deprived of effective assistance of counsel in violation of the Sixth Amendment or Colo. Const. art. II, § 16. *See Strickland v. Washington, supra; People v. Norman, supra.*

## II.

Defendant next contends that the trial court erred in permitting his attorneys to withdraw his notice of alibi without his consent. He argues that the right to proceed on an alibi defense is so inherently related to his right to testify on his own behalf that his express consent was required to withdraw it. We disagree.

Defense counsel stands as captain of the ship in ascertaining what evidence should be offered and what strategy should be employed in defending the case. *Steward*

*v. People,* 179 Colo. 31, 498 P.2d 933 (1972). Although the decision whether to testify on his own behalf is always left to the defendant, *People v. Curtis,* 681 P.2d 504 (Colo. 1984), decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with the client. 1 ABA, *Standards for Criminal Justice,* Standard 4–5.2(b) (2d ed. 1980); *Steward v. People, supra.*

 Thus, while counsel may not prevent a defendant from presenting an alibi during his own testimony without a voluntary, knowing, and intentional waiver of his right to testify, *see People v. Curtis, supra,* where, as here, defendant's alibi is to be established by testimony of witnesses other than defendant, the decision whether to present such defense is a strategic and tactical decision within the exclusive province of defense counsel. *See Steward v. People, supra; see also People v. Schultheis,* 638 P.2d 8 (Colo.1981). If, after having investigated the matter, defense counsel chose not to call the alibi witnesses because their stories were vague and indefinite, and their credibility suspect, that was a proper decision for counsel to make. *See People v. Herrera,* 188 Colo. 403, 534 P.2d 1199 (1975).

 Here, the record shows that defendant voluntarily, knowingly, and intentionally waived his right to testify after the alibi defense had been withdrawn. It also shows that defense counsel consulted with defendant before withdrawing the alibi. Because such decision belonged exclusively to counsel, no right of defendant's was violated, and thus the trial court properly permitted the alibi to be withdrawn.

### III.

 Defendant also asserts that the pretrial identification procedure was so impermissibly suggestive as to create a substantial likelihood of misidentification, in violation of his due process rights, and that the trial court therefore erred in denying his motion to suppress identification. Again, we disagree.

Based on the totality of the circumstances, we cannot say that the trial court erred in denying defendant's motion to suppress. *See People v. Deckert,* 701 P.2d 120 (Colo. App.1985), *cert. denied,* 706 P.2d 801 (Colo. 1985).

### IV.

 Finally, defendant contends that the People's inability to reconstruct the mug books the victim viewed before she identified defendant from the photo lineup constituted destruction of exculpatory evidence by the prosecution. Once again, we disagree.

We need not consider whether inability to reconstruct the mug books constituted destruction of evidence, since the evidence was neither exculpatory nor material to defendant's case. Defendant's picture did not appear in any of the mug books, and the victim made no identification of her assailant based on her viewing of them. *Cf. People v. Sams,* 685 P.2d 157 (Colo. 1984) (prosecution lost photo lineup from which witnesses identified person not defendant). Thus, there was no reasonable possibility that the mug books would have created a reasonable doubt as to defendant's guilt, or that they would have been in any way exculpatory. *See State v. Mitchell,* 140 Ariz. 551, 683 P.2d 750 (Ct.App. 1984). Accordingly, the trial court did not err in holding that defendant's due process rights had not been violated. *See People v. Loggins,* 709 P.2d 25 (Colo.App.1985); *People v. Bynum,* 192 Colo. 60, 556 P.2d 469 (1976).

Judgment affirmed.

SMITH and TURSI, JJ., concur.