The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Leslie **PAUL**, Defendant–Appellant.

No. 87CA0259.

Colorado Court of Appeals, Div. III.

Jan. 28, 1988.

Rehearing Denied March 3, 1988.

Certiorari Denied Aug. 8, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Philip W. Ogden, Colorado Springs, for defendant-appellant.

BABCOCK, Judge.

Defendant, Leslie Paul, an alien, appeals the trial court's order denying his Crim.P. 35(c) motion for post-conviction relief. He contends that he did not receive effective assistance of counsel at the time he entered his guilty plea to first degree sexual assault. He premises this contention on his assertion that his attorney did not correctly inform him of the possible deportation consequences that would flow from the plea. He also asserts that, at the time he entered his guilty plea, the trial court erroneously advised him of the deportation consequences of his guilty plea; and further, that despite the court's commitment to rule on his request for a recommendation against deportation, the trial court failed to rule on his timely request therefor. We affirm.

## I.

A defendant claiming a violation of his constitutional right to representation by competent counsel has the burden of showing that his attorney's performance fell below an objective standard of reasonableness, and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Pozo,* 746 P.2d 523 (Colo.1987). This burden of proof is applicable when such claim is raised in a Crim.P. 35 proceeding. *Strickland v. Washington, supra; People v. Tackett,* 742 P.2d 957 (Colo.App.1987).

To show such prejudice, a defendant must demonstrate that, under the totality of the circumstances, there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington, supra; People v. Tackett, supra.*

■ Here, in ruling on defendant's motion, the trial court stated:

"Defendant's argument that assistance of his counsel was ineffective requires that he demonstrate to this Court under *Strickland* that the attorney's performance was deficient under an objective standard of reasonableness and that the deficient performance affected the outcome of the plea process. While it is certainly correct that all concerned at the time of the plea did not understand correctly the immigration and naturalization law relevant, it also is clear that the misunderstanding did not affect the outcome of the plea process. Both the Court and counsel for the Defendant told the Defendant that he should be prepared to be deported if he persisted in his plea of guilty. He persisted.... Defendant has simply failed to show any prejudice, even assuming his counsel's performance was deficient."

A trial court is in the best position to evaluate the evidence with regard to the prejudice prong of the *Strickland* test. *People v. Pozo, supra.* Here, the trial court's findings concerning prejudice are supported by an adequate record and will not be disturbed on review. *See People v. Pozo, supra.*

## II.

Under 8 U.S.C. § 1251(a)(4), this defendant is subject to deportation for having been convicted of first degree sexual assault, a crime involving moral turpitude. *See People v. Pozo, supra.* However, 8 U.S.C. § 1251(b) provides:

"The provisions of subsection (a)(4) respecting the deportation of an alien convicted of a crime or crimes shall not apply ... if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the attorney general that such alien not be deported, *due notice having been given prior to making such recommendation to representatives of the interested state, the Service, and prosecution authorities,*

*who shall be granted an opportunity to make representations in the matter.*" (emphasis added)

These time and notice requirements are mandatory and a recommendation against deportation is a nullity when made without notice to interested parties. *United States ex rel. Piperkoff v. Murff*, 164 F.Supp. 528 (D.C.N.Y.1958), *aff'd*, 267 F.2d 72 (2d Cir. 1959); *Re Plata*, 14 I & N Dec. 462 (Bd. Imm.App.1973).

 At the April 12, 1983, providency hearing, the trial court agreed to withhold judgment on any motion for a recommendation against deportation. Before sentencing on June 30, 1983, the court told defendant that, at the appropriate time, it would make a recommendation regarding deportation. On July 8, 1983, defendant wrote the trial court stating:

> "Further, Recommendation against Deportation has to be ruled within thirty days after sentencing, or it will not be effective (copy enclosed). Inasmuch as this is the required time period, I am requesting your recommendation be made to the Immigration and Naturalization Service forthwith."

The attachment to defendant's letter is a copy of instructions for obtaining a recommendation against deportation. These instructions, clearly and simply worded, parallel the 8 U.S.C. § 1251(b) requirements. The defendant is also instructed to notify the Immigration and Naturalization Service by certified mail, return receipt requested.

Notwithstanding his actual knowledge of the mandatory notice requirements, defendant failed to notify the Immigration and Naturalization Service, the prosecuting authorities, and the state as required by 8 U.S.C. § 1251(b). Thus, even had the trial court ruled timely on defendant's request for a recommendation against deportation, the ruling would have been a nullity. *See United States ex rel. Piperkoff v. Murff, supra; Re Plata, supra.* We conclude, therefore, that any error in the trial court's failure to rule upon defendant's request for a recommendation against deportation is harmless. *See People v. Quintana*, 665 P.2d 605 (Colo.1983); Crim.P. 52(a).

Order affirmed.

STERNBERG and TURSI, JJ., concur.